Municipal Court of East Liverpool.

### G. R. PATTISON V. W. A. LUTZ.

Decided May 11, 1933.

*G. L. Brokaw,* for plaintiff.
*P. V. Mackall,* for defendant.

BROKAW, J.

In this case the plaintiff G. R. Pattison sued the defendant W. A. Lutz for damages which he alleges were sustained by him by reason of the breaking and damaging of an electric clock situated in front of his premises at No. 111 East Sixth street, East Liverpool, Ohio.

It appears from the petition that the plaintiff was a tenant at No. 111 East Sixth street, East Liverpool, and engaged in the business of selling jewelry. In front of the plaintiff's place of business was placed an advertising sign in the form of a clock. This clock was mounted upon a cast iron post situated upon the sidewalk near the edge of

the curb. The said cast iron post was between ten and eleven feet high from the sidewalk and a little more than that above the general level of the street outside the curb. The clock was forty-three inches in diameter and was made to run by electricity, although the evidence shows that the clock was not running at the time of the accident set forth in the plaintiff's petition.

The defendant owned and operated a trucking business and at the time specified in the petition was attempting to park a trailer truck at the curb just opposite plaintiff's place of business and opposite the place where the clock was installed. The length of the said truck was thirty seven and one-half feet (37½), the width eight feet (8) and the height approximately twelve feet (12) or perhaps a little less than that.

The edge of the clock over-hung the curb and projected into the street proper for a distance of about eight inches. In attempting to park the said trailer truck opposite plaintiff's place of business the right hand front corner of the truck body struck against the face of the clock at about where the figure eight (8) is situated upon the clock's face. The force of the impact broke the cast iron post supporting the clock, into several pieces and hurled the clock through the jewelry store window doing some damage to the articles inside the window. A claim of Three Hundred Dollars ($300.00) is made for the damages to the clock, articles damaged inside the window and to certain damages to the plate glass window and the down spouting on the building.

It appears from the evidence that the plaintiff is not the owner of the building in which his business is carried on, but the same is leased from a third party. Therefore we will say in the beginning that owing to the condition of the pleadings no issue was made upon damage to the building itself and that will be eliminated at this stage of the opinion.

It appears from the proof that the defendant's truck was operated by two men. One called the driver and the other who served in the capacity of look-out. The evidence shows that they were attempting to park the truck which was thirty seven and one-half feet (37½) in length in an

open space at the sidewalk between other machines. The space as described by the driver and his assistant or look-out was estimated at from forty five to fifty feet, leaving according to the testimony of one witness twelve and one-half feet (12½) clearance and according to the other only seven and one-half feet (7½) over and above the length of the truck itself. The look-out was stationed in the street near the traction line and signaled to the driver when the truck was backing or run backwards, but the look-out did not make any signal to the driver when the truck was moving in a forward direction.

The testimony of the look-out was to the effect that he saw the clock but made no warning to the driver when the truck was aproaching the clock.

From all the testimony in the case the court believes that the defendant was negligent in the management of this truck at this particular place. But the more difficult inquiry is as to whether contributory negligence is shown on the part of the plaintiff which precludes a recovery.

It was maintained in the defendant's answer that the clock sign in question was upon the State Highway System of the state of Ohio and thereby subject to the control of the state highway authorities; and considerable evidence was offered by the defendant as to whether or not this particular sign was located on certain state highways to-wit: No. 170 and No. 39 of the highway system. The court believes that this makes no difference whatever in regard to the determination of this case.

Section 3714, General Code reads as follows:

"Council to have care, supervision and control. Municipal corporations shall have special power to regulate the use of streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

Section 1189, General Code, dealing with the State Highways Department in the last paragraph of that section reads as follows: "With the exception of the authority hereinbefore conferred upon the director to erect state highways route markers and signs directing traffic, no pro-

vision of this act shall be held to in any way modify, limit or restrict the authority conferred by Section 3714, General Code upon municipal corporations to regulate the use of streets and to have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts within such corporation and to keep the same open, in repair and free from nuisance." Therefore, the court is of the opinion that the matter is to be entirely determined by the laws regulating streets and that the state highways law has nothing to do with the question.

The laws of the state of Ohio have long recognized certain rights of the individual property owner abutting upon streets or thoroughfares in this state, not inconsistent with the use for highways purposes. Some question has been raised as to whether the fee was in the property owner or in the city to the sidewalk in question where the clock was located. There seems to be a difference in the holding in regard to highways outside the municipality and in the city proper. In the city proper it must be conceded that the fee is in the city, but it has been repeatedly held in this state that this makes no difference in the principal so far as abutting property owners are concerned. It has long been recognized that they are entitled to certain privileges not inconsistent with the use for street purposes.

In the case of *Reese* v. *City of Cleveland,* 18 O. D. p. 12, the city undertook to abate as a nuisance a sign hanging over the sidewalk and at a considerable distance above. In the third syllabus of that case we find the following language:

"An obstruction in a city street must, to constitute a public nuisance, be an actual or threatened interference with the primary right of the public to the street; the erection of an overhanging sign by an abutting owner does not interfere with the public use of the street, and if its erection is in compliance with the municipal ordinances it cannot be said to create a nuisance."

While we realize that this case is not controlling upon the question in the case at bar we do know that the case itself is a quite well considered one upon the subject. In the opinion of the court on page 18 we find the following:

"In order to be a nuisance within the law, the obstruction must be a real obstruction or menace to the public use to which the street is or may be devoted: It must be an actual or threatened interference with the primary right of the public to use the street for transit and other incidental public purposes."

It is a well known fact that the streets of this city and other cities are covered with signs within the limits of the street and sidewalks, especially the sidewalks. The court is not willing to say that every sign suffered by the city to remain within the limits or confines of the sidewalk is a nuisance and whether or not it is a nuisance depends upon the peculiar circumstances of each particular case.

The question whether or not this clock was a nuisance would, were the case tried to the jury, be a question for the jury. In the absence of the jury it is a question for the court to determine whether or not the clock was a nuisance at the time struck by the defendant's truck.

The evidence shows that this clock has been standing upon the street of East Liverpool in substantially the same position for a period of sixteen years. During that time it has not been harmed, damaged or struck by anything whatsoever as far as the evidence shows. The fact that a truck of such huge proportions as the evidence shows the defendant's truck to have been, struck the clock does not in the mind of the court stamp it as a nuisance. This truck was an unusual vehicle and its use at this point an unusual use of the street, and in view of the fact that the clock had remained for so many years without causing any inconvenience leads the court to believe that it was not a nuisance in the usual acceptation of the term. Consequently, the court does not believe that the establishment of the clock at the point in question constituted contributory negligence to such an extent that it would preclude the recovery for the plaintiff. As before stated no damages will be allowed for the breaking of the window or for any damages to the building itself.

The court is satisfied that this question is new in Ohio and also new so far as other states are concerned. There may be numerous cases in regard to obstructions of streets

and sidewalks, but upon examination we find that the question usually is a question of whether or not a given piece of property may be abated as a nuisance or whether the property causing perhaps some obstruction renders the owner of the property liable in damages. In this case it is the reverse, where the owner of the property himself is asking for damages.

Upon careful consideration of the question of damage, the court will give judgment for damages in this case in the amount of Two Hundred Fifty Dollars ($250.00) and costs.

Exceptions noted for the defendant.