## KENNEY v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2430. Decided June 30, 1934

Jones, Jones & Erskine, Athens, for plaintiff in error.

L. M. Graham, Columbus, and Guy V. Fridley, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist), sitting by designation.

## OPINION

By HORNBECK, PJ.

It is apparent that there is a clear violation of Rule 8 in the failure of counsel to file briefs in this court.

The section controlling the filing of bills of exceptions in criminal cases, §13445-1, GC, provides:

**"If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions.** If exceptions be taken to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill must contain all of the evidence; but if the exceptions be to other ground than that the evidence is not sufficient or is contrary to law, the bill of exceptions need not contain all of the evidence, but only so much thereof as may be necessary to properly present the alleged errors; provided in the latter case that the Court of Appeals or Supreme Court shall have authority to order a full transcript of the evidence if it deems the same necessary to a proper consideration of the case. **The court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial."**

(Black face type is ours).

It appears that counsel for plaintiff in error caused the official stenographer to transmit a transcript of the testimony as a bill of exceptions to the clerk of the Common Pleas Court on March 27, 1934. Thereafter, it is agreed by professional statement that no notice was given to the Prosecuting Attorney or to counsel for defendant in error, although the bill recites notice to the plaintiff. The bill of exceptions was not signed until June 25, 1934. As there is a clear violation of Rule 8, and at least a very nice question if this court has jurisdiction to hear this cause on error, inasmuch as the bill was not signed until more than thirty days after the overruling of the motion for new trial, we sustain the motion to dismiss on the first ground. We seriously doubt if counsel can depend entirely upon the clerk of courts as to all matters subsequent to the filing of the bill of exceptions with the clerk. The statute quoted is from the new criminal code. Delay in the review of criminal cases is looked upon with disfavor in recent legislation affecting criminal procedure. It is the clear purpose of §13445-1, GC, that not more than thirty days shall elapse between the overruling of the motion for new trial and the filing of the bill of exceptions with the trial judge. In the first part of the statute, which is underscored, we think there is an obligation enjoined upon a party to assist in causing the trial court to act within the time specifically provided by law. As the time provision in the statute is mandatory, it would seem that a Court of Appeals should not entertain jurisdiction of a criminal case on error unless the time limit in the statute is observed. It is however not necessary to determine in this case that this court is without jurisdiction to entertain the bill of exceptions, and we do not so hold. We do, however, sustain the motion to dismiss because of failure to observe Rule 8 of the Court of Appeals, and in so doing are moved somewhat to so act by the delay in filing the bill of exceptions with the trial court and in this court.

BARNES and MONTGOMERY, JJ, concur.