**STATE v LINK**

Ohio Appeals, 2nd Dist, Fayette Co

No 240.   Decided Nov 25, 1938

John B. Hill, Washington C. H., for appellant.

W. S. Paxson, Prosecuting Attorney, Washington C. H., for appellee.

**OPINION**

By THE COURT

This cause was assigned and submitted to the court upon a recent sitting of the court in Fayette County. An examination of the file discloses that no briefs have been filed on behalf of either party and though more than a month has elapsed since submission no briefs are forthcoming.

The section defining the procedure on appeal in criminal causes is §13459-3 GC.

"The proceedings to review such judgment or final order shall be by * * * appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the Appellate Court where leave to appeal must be obtained. Upon filing the notice of appeal there shall be filed in the Appellate Court the transcript prepared by the clerk and any original papers received by him. It shall not be necessary to include in the transcript of the record, any bill of exceptions or objections, but the original bill of exceptions or objections, may be attached in lieu of the transcript of the record thereof. The court in which review is sought, by summary process, may compel a more complete record to be furnished, and such original papers to be forwarded. **The brief of the * * * appellant shall be filed * * * with the transcript** and shall contain the assignments of error relied on in such appeal. Within fifteen days thereafter, the * * * appellee shall file its brief. All of such proceedings to review such judgments **shall have precedence of all other cases in said reviewing court,** and shall stand for hearing on the trial docket of said court from day to day until heard and submitted; * * *".

We have emphasized the provisions of the section which especially pertain to the appeal in this case. It will be noted that the appellant has failed to observe the provisions of the section in that his brief was not filed with the transcript.

We have heretofore held that this provision of the statute must be observed. In civil suits for more than two years we have enforced the rule requiring briefs to be filed within the time therein prescribed.

The further portion of the section emphasized is indicative of the purpose of the Legislature to insist that determniation of criminal causes be expedited. This is sought to be accomplished by the proviso that the proceedings to review criminal judgments shall have precedence of all other cases in reviewing courts and shall stand for hearing on the trial docket from day to day.

In view of the foregoing facts and the obligation enjoined upon this court to require prompt presentation and consideration of proceedings to review criminal causes, this case should not longer be held in this court.

We might say that we have examined the questions urged on the motion for new trial and have read the record and are satisfied that there is no prejudicial error to the appellant to be found therein. The judgment will be affirmed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.