### STATE v CARMEN

Ohio Appeals, 2nd Dist, Franklin Co.

No 2927.  Decided Sept. 26, 1939

John L. Davies, City Attorney, Columbus, for appellee.

Robert R. Shaw, Columbus, for appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The cause originated in the Municipal Court of the City of Columbus wherein an affidavit was filed against the defendant charging the defendant with unlawfully selling certain intoxicating liquor, to wit, bay rum, for beverage purposes without a permit from the Ohio Department of Liquor Control so to do.

After trial the defendant was found guilty and sentenced to pay a fine and costs.

The cause was carried to the Common Pleas Court on proceedings in error and was there submitted on the record made in the Municipal Court.

The judgment of the lower court was affirmed and the cause remanded for the enforcement of the judgment. The final judgment of the Common Pleas Court was entered March 3, 1938. On May 11, 1938, defendant gave notice of appeal.

It at once appears that this Court has no jurisdiction for the reason that the notice of appeal was not filed within the time prescribed under the law.

In criminal cases §13459-4, GC prescribes the time for perfecting appeals. The time fixed in the above section for appeals of this character is thirty days from the date of sentence and judgment.  The attempted appeal was 69 days after judgment.

This being a jurisdictional question the Court has no power to consider the appeal and therefore the cause is sui sponte dismissed.

This Court had the question under consideration in the case of **Langhorne v Langhorne**, decided May 19, 1936, and reported in **22 Abs p. 178.**

In the cited case there was a motion to dismiss whereas in the instant case the Court acts on its own motion.

Being a jurisdictional question the court has no power to hear and can make no orders other than a dismissal.

. An entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.