## STATE v JARCHO

Ohio Appeals, 2nd Dist, Miami Co.

No. 380. Decided Dec. 26, 1939.

Ellis W. Kerr, Troy, Prosecuting Attorney; Franklin Shipman, Troy, for plaintiff-appellee.

W. H. Albaugh, Troy; Allen C. McDonald, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

Submitted on motion of the Prosecuting Attorney to dismiss the appeal for the reasons, first, the record does not show that appellant has ever obtained leave to appeal. Second, Bill of Exceptions was not filed within time required by law. Third, Brief of appellant was not filed with the transcript. Motion of appellant is also presented for leave, if necessary, to file papers as follows: First, transcript of docket and journal entries as of March 8, 1939. Second, Bill of Exceptions as of April 11, 1939. Third, brief of appellant as of May 3, 1939.

Both counsel for appellant file affidavits in which are set forth the statements that the transcript of docket and journal entries was filed in this court on March 9, 1939. The bill of exceptions was filed in the Common Pleas Court of Miami County on March 28, 1939, within thirty days from the date of the overruling of the motion for

new trial, viz., March 4, 1939; that the bill of exceptions was transmitted to the trial judge by the Clerk of the Common Pleas Court on April 11, 1939 and that the Clerk made notation that the bill of exceptions had been received from the trial judge on said date of April 11, 1939, which was more than thirty days after sentence and judgment; that the notice of appeal was filed by counsel for the defendant in the Common Pleas Court on March 8, 1939, and on the same date a copy thereof was filed in the Court of Appeals and on May 3, 1939, three copies of brief of counsel for the appellant were filed in this court. Affiants further say that they have been in doubt as to the provisions of law governing criminal appeals inasmuch as §13445-1 GC provides that the court shall fix the time in which the bill of exceptions or objections shall be filed which shall not be more than thirty days from the overruling of the motion for new trial, this section becoming effective July 21, 1929, but not having been specifically repealed by the legislature; and that §13459-4 GC, effective January 1, 1936, provides that appeal, unless otherwise provided may be filed as a matter of right within thirty days after sentence and judgment and after thirty days from such sentence and judgment the appeal may be filed only by leave of the court or two of the judges thereof.

Affiants further say that §13459-3 provides that upon filing the notice of appeal there shall be filed in the Appellate Court the transcript prepared by the Clerk and original papers and further provides that it shall not be necessary to include in a transcript of record any bill of exceptions or objections, but the original bill of exceptions or objections may be attached in lieu of the transcript of the record thereof and further that the reviewing court may by summary process compel a more complete record to be furnished and further provides that the brief of the appellant shall be filed with the transcript and shall contain the as-

signments of error relied upon in such appeal.

It is further said that co-counsel, Walter H. Albaugh, was necessarily delayed in the preparation of the brief on behalf of the appellant and that counsel prepared and filed appellant's brief at the earliest practicable date which was more than fifty days from the date of the notice of appeal; that counsel believed and understood that the Court of Appeals possesses the requisite jurisdiction under §13459-3 GC to extend the time for the preparation and completion of brief as the circumstances and conditions might require.

The respective motions of the Prosecuting Attorney and counsel for appellant require consideration of the provisions of the appellate code relating to appeals in criminal cases, §§13459-3 to 13459-5 GC.

The first section for consideration is §13459-3 GC which we quote and following germane paragraphs thereof we interpolate our view of their interpretation.

"The proceedings to review such judgment or final order, (in criminal cases) shall be by appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the Appellate Court where leave to appeal must be obtained."

The necessity of filing copy of the notice of appeal in the Appellate Court attends only when the appeal is such that it is requisite that leave to appeal must be obtained. This leave to appeal is not necessary except where the appeal is filed more than thirty days after such sentence and judgment. §13459-4 GC.

In the instant case the proceedings were regular. Sentence and judgment was pronounced in due season. Nothing thereafter intervened to prevent defendant perfecting her appeal and it was perfected within thirty days from judgment so that there was no neces-

sity for securing leave of the Court of Appeals to file the appeal and no requirement that copy of the notice of appeal be filed in the Court of Appeals.

"Upon filing the notice of appeal there shall be filed in the Appellate Court the transcript prepared by the Clerk and any original papers received by him."

This is an administrative duty which is enjoined upon the Clerk of Courts, although it is always advisable for counsel to see that it is observed.

In the instant case there is no question but that the transcript was prepared as contemplated by the statute and duly filed in the Appellate Court.

"It shall not be necessary to include in the transcript of the record any bill of exceptions or objections, but the original bill of exceptions or objections, may be attached in lieu of the transcript of the record thereof."

This provision of the section is not pertinent in the instant situation because there was no attempt to include the original bill of exceptions in the transcript nor was any bill of exceptions sought to be filed in lieu of the transcript. Nor does this provision in any wise affect the time within which the bill of exceptions, if required, must be filed which is controlled by §13445-1 GC.

"The court in which the review is sought by summary process may compel a more complete record to be furnished, and such original papers to be forwarded. The brief of appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

This provision as to the time of filing appellant's brief is statutory and mandatory. It is not controlled by a rule of the Appellate Court. We have without exception enforced the rule as to the time within which briefs shall be filed by the appellant in civil cases, Rule VII, Court of Appeals, and there is every reason and more why a specific provision of statute should be enforced. We find no sufficient reason appearing in the affidavits which would cause us to relax the mandatory provisions of the section as to the filing of appellant's brief. The section gives precedence in reviewing courts to the hearing of cases involving criminal appeals. This, no doubt, is done to expedite the final determination of the rights of defendants and the State in criminal cases and to avoid unnecessary delay. To ignore or relax the specific provisions of the section as to the time within which briefs should be filed will open the way for delays in judgments in criminal cases which should be kept at a minimum. **State v Parnell, 56 Oh Ap 77.**

Sec. 13459-4 is also relevant to the motions of the respective parties.

"Such appeal, unless otherwise provided, may be filed as a matter of right within 30 days after sentence and judgment. After 30 days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof."

Herein is specified those appeals wherein it is necessary to secure leave of the court and to which that portion of §13459-3 applies requiring the filing of notice of apeal in the Appellate Court where leave to appeal must be obtained. The instant case is typical of a case wherein an appeal could be and was filed as a matter of right within 30 days after sentence and judgment.

The motion for new trial in this case was decided and sentence pronounced March 4, 1939, the notice of intention to appeal was filed four days thereafter, March 8, 1939 and the application for an order suspending the execution of sentence of defendant was filed the same day. The time, then, within which the notice of appeal, whether it dated from the overruling of the motion for new trial or the judgment of

sentence was the same. Counsel were alert and had begun the necessary proceedings to complete defendant's appeal and it was completed promptly but no briefs were filed until May 3, 1939, more than 50 days after the notice of appeal and the filing of the transcript of docket and journal entries.

We come, then, to consider the statutory provision controlling the time within which bills of exceptions shall be filed in appeals of criminal causes, which is §13445-1 GC,

"If a defendant feels himself aggrieved by the decision of the court he may present his bill of exceptions or objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions. If exceptions be taken to the decision of the court in overruling the motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill must contain all of the evidence; but if the exceptions be to other ground than that the evidence is not sufficient or is contrary to law, then the bill of exceptions need not contain all the evidence, but only so much thereof as may be necessary to properly present the alleged errors; provided in the latter case that the Court of Appeals or Supreme Court shall have authority to order a full transcript of the evidence if it deems the same necessary to a proper consideration of the case. The Court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than 30 days from the overruling of the motion for new trial."

We do not have presented the question whether or not if a partial bill of exceptions, only, had been filed in time this court would have authority, if it found that a complete bill was necessary, to require a full transcript of the evidence and to permit it to be filed after 30 days from the overruling of the motion for new trial. Inasmuch as counsel elected to have prepared a full transcript of the evidence, which obviously is essential to a proper consideration of the errors assigned, we are satisfied that the time for filing this bill is clearly prescribed by §13445-1 and fixed at not more than 30 days from the date of the overruling of the motion for new trial. The period fixed by the statute is the time within which the bill shall be filed with the trial judge, State v Bell, 52 Oh Ap 11, Kerr v State, 36 Oh St 614. This last cited case was determined when the statute 7304 R. S. fixed the time within which a bill should be signed in criminal cases the same as provided by rules in civl cases but the principle controlling is the same.

Sec. 13445-1 GC as now appearing in the Code has been effective since July 21, 1929 and was not amended or repealed by the new Appellate act and is the only section in the code relating to the time for filing the bill in appeals of criminal causes. State v Bell, 52 Oh Ap 11, In re Estate of Arrasmith, 54 Oh Ap 391, State v Parnell, 56 Oh Ap 77, Kenney v State, 18 Abs 76. The authentication on the bill of exceptions discloses that it was filed with the Clerk of Courts on March 28, 1939, which is less than 30 days after sentence and judgment. It therefore was filed within the time prescribed by the controlling section of the code.

The proceedings thereafter requiring the notification of the Prosecuting Attorney, the transmission of the bill to the trial judge are but administrative requirements, are not jurisdictional and failure to observe the time requisites therein set forth would not operate to prevent the filing of the bill of exceptions in this court.

It follows then, from what we have heretofore said that the motion of the Prosecuting Attorney to dismiss the appeal will be overruled as to the first and second branches thereof and sustained as to the third branch, namely, because the brief of the appellant was not filed with the transcript. The requests of the motion of appellant are not essential either to the perfection

of her appeal or to the proper filing of the bill of exceptions with this court within time and there is no necessity of granting such requests. The application as to the filing of the briefs will be overruled.

As against the possibility that injustice would result if we strictly enforced the statute as to the time within which briefs should be filed, we have taken the time to read the transcript of testimony, in its entirety, which explains the slight delay in the return of the decision in this case.

We have examined this testimony in the light of the errors assigned and are convinced that no error prejudicial to the defendant is to be found in the proceedings. The guilt of the defendant depends upon the question of the credibility of the witnesses. In some instances the defendant stands alone in her testimony and is contradicted by numerous witnesses. If the statements of those who testified for the state are true, there can be no doubt as to the guilt of the defendant. The jury was well within its province in giving credibility to the case of the state which was grounded not only upon oral statement but upon written evidence.

GEIGER and BARNES, JJ., concur.