CITY OF COLUMBUS, APPELLANT, *v.* TURNER, APPELLEE.*

(No. 5585—Decided June 24, 1957.)

*Mr. Russell Leach,* city attorney, *Mr. Bernard T. Chupka* and *Mr. Frank A. Reda,* for appellant.
*Mr. Arthur L. Rowe,* for appellee.

PETREE, P. J.   This case is submitted on a motion of defendant, appellee herein, to dismiss the appeal filed herein, for two reasons:

1. Leave was not first obtained to file such appeal as provided in Section 2953.04, Revised Code.

2. Notice of appeal was not filed in the Court of Appeals.

Counsel for both appellant and appellee have furnished briefs on the merits of the case, have made oral arguments to the court, and have submitted the case for decision on its merits in the event that the motion to dismiss the appeal should be overruled.

Section 2953.05 of the Revised Code provides as follows:

---

*Judgment affirmed, 167 Ohio St., 541.

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within 30 days after sentence and judgment. After 30 days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof."

This section is found in the portion of the Revised Code devoted to criminal procedure. Section 2953.02 deals with a review of judgments in criminal cases. Section 2953.03 makes provision for transcripts in criminal cases. Section 2953.04 provides that a judgment or final order is reviewed by appeal instituted by filing a notice of appeal with the court rendering such judgment or order and by filing a copy thereof in the appellate court where leave to appeal must be obtained.

It seems perfectly clear to us that the necessity of filing a copy of the notice of appeal in the appellate court and of obtaining from said appellate court leave to appeal arises only where the notice of appeal is filed after 30 days from sentence and judgment in the lower court. In the instant case, the entry of judgment was filed in the Common Pleas Court of Franklin County on September 27, 1956, and the notice of appeal was filed in such court on October 3, 1956, which was only six days after the judgment. On the same date, October 3, 1956, a precipe for transcript of docket and journal entries, together with all original papers, to the Court of Appeals was filed. The Common Pleas Court had before it on an appeal on questions of law the complete record of the trial court, including the evidence and ruling thereon as well as briefs by both parties on the questions presented. Briefs of counsel for both sides, filed in the Common Pleas Court before its decision, were transmitted to the Court of Appeals on October 4, 1956, just seven days after the judgment.

In view of that state of the record, we conclude that the motion of the defendant filed in this court should be overruled on both grounds, even though the original brief filed in the Court of Appeals was stamped February 11, 1957. The record in the court below was so complete, including all the rulings of the court, the charge of the court, and the amended affidavit which was submitted to the jury and which was sworn to on May 9, 1955, the day of trial, together with the written arguments on

the questions presented on the original appeal to the Common Pleas Court, that we feel the motion should not be sustained on technical grounds.

The Court of Appeals of the Second Appellate District supports our position in a decision rendered by Judge Hornbeck in *State* v. *Jarcho,* 65 Ohio App., 417, 30 N. E. (2d), 444, where the first paragraph of the syllabus reads as follows:

"The necessity of filing a copy of notice of appeal in the appellate court in criminal cases under Section 13459-3, General Code, attends only when the appeal is such that it is requisite that leave to appeal must be obtained, and leave to appeal is necessary only when the appeal is filed more than 30 days after sentence and judgment as provided in Section 13459-4, General Code."

In reading this quotation, it should be borne in mind that Section 13459-3, General Code, was a provision similar to Section 2953.04, Revised Code, and that Section 13459-4, General Code, requiring leave of court to appeal after 30 days from sentence and judgment, was essentially the same as Section 2953.05, Revised Code. The motion of defendant to dismiss the appeal is, therefore, overruled on both grounds.

We come now to the appeal of plaintiff, city of Columbus, on questions of law from the Common Pleas Court of Franklin County. It is the duty of the reviewing court to review the record of the trial court and to ascertain whether a fair trial was accorded the parties and whether the proceedings were legally correct. A reviewing court should be careful not to set aside the verdict of a jury in a trial court if it appears that such verdict was fairly arrived at and based upon sufficient competent evidence. It must be borne in mind that a trial judge may correctly instruct a jury that it is the sole judge of the credibility of witnesses, and that it may accept or reject all or any part of a witness' testimony.

In the case now before us, the jury had before it three witnesses who saw only one occupant of a car being operated on Southwood Avenue, South Fourth Street and Jenkins Avenue in the city of Columbus. There is ample evidence that this car was being driven in an unusual manner. It was weaving on the street, struck two automobiles several blocks apart and came

to a stop in front of defendant's home on Jenkins Avenue. The arresting officer approached the defendant's car within two minutes after it came to a stop, found the defendant walking towards him from defendant's 1951 Cadillac car and the water gushing out of the radiator at the time the officer approached. Furthermore, the officer saw no one else except the defendant at or about his automobile. It was testified as follows that the following occurred while the officer was standing about half a block away from the defendant's automobile:

"Q175. And to whom does that car belong? A. Mr. Robert Turner, 159 Jenkins Avenue.

"Q176. Robert Turner, 159 Jenkins Avenue. Now, Officer, you were testifying as to your investigation at the scene of the accident at Jenkins and Fourth, when counsel for the defendant interrupted. I wonder if you could recall your testimony? Continue from that point on. A. Well, as to the time this gentleman came walking east on Jenkins toward me, I called him asking him if he had hit the car, this '46 Olds.

"Q177. What did he answer? A. He said he had."

Although courts are naturally suspicious of confessions wrung from an accused after hours of interrogation or other wearing down of the resistance, it seems in this case that an admission against interest made by Robert Turner in the presence of several people and the officer who had not yet placed him under arrest and while under no apparent compulsion of any kind was properly submitted to the jury. Seldom does the state or the prosecution have better evidence to offer to the jury than that of three disinterested persons observing driving, with two rather noisy accidents occurring at different locations, coupled with an admission by the defendant that he hit one of the cars near which such an officer was standing. It would seem that the jury might properly reject his subsequent testimony when he claimed he was not driving the car but that some unknown person was driving it, especially in view of the fact that this unknown person was not produced at his jury trial several months after the accident. It is perfectly reasonable that the jury rejected the testimony of the bartender, Cody Zelizer, that at some time, maybe two years, maybe a year and a half, before the trial he had procured someone to take Robert

Turner home. The trial occurred 11 months after the accident and arrest of the accused.

Several pages of the record are devoted to the question of admissibility of the evidence, whether it be called an admission or confession of Robert Turner. The court, after reviewing the evidence of Ralph Lute, David Helmbrecht and Paul Miller as to the manner of the operation of the car, which, without question, belonged to the defendant, came to the conclusion that sufficient facts had been established by way of corroborative evidence to admit the statement of the defendant which he made to the officer on the street. It seems to us that the trial court was amply justified in admitting Turner's statement.

A case in point is *State* v. *Maranda,* 94 Ohio St., 364, 114 N. E., 1038, in which the court used the following language in paragraph two of the syllabus:

"It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the *corpus delicti*, before such confession is admissible. The *quantum* or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a *prima facie* case. It is sufficient if there is *some* evidence outside of the confession that tends to prove *some* material element of the crime charged."

Such evidence, admitted under proper instructions to the jury in the charge at the end of all the evidence, would seem to afford ample protection for the defendant and yet not make conviction so difficult as to well-nigh make it impossible. It seems that under the holding in the *Maranda case* it is enough if the corroborating evidence tends to prove some material element of the offense.

Of course, in the instant case, the defendant admitted he was under the influence of alcohol by stipulation of his counsel to the jury. There was no dispute that Jenkins Avenue, Southwood Avenue, and South Fourth Street, where the driving occurred, are in Columbus, Franklin County, Ohio, so that the only element to be proved was whether the defendant was operating the motor vehicle. The manner of the driving of that vehicle may well have been considered by the jury as tending to prove that this intoxicated defendant was operating it rather than some third person.

The court properly permitted the affidavit to be amended to show two former convictions of the defendant of operating a motor vehicle while under the influence of alcohol. That is a necessary part of the affidavit where it is desired to prosecute for a second or subsequent offense. The amendment properly eliminated from the original affidavit a conviction an appeal from which was still pending at the time this case was submitted to the jury on May 9, 1955.

From a review of the entire testimony presented to the jury, it appears to us that its verdict should not be disturbed; that the judgment of the trial court should be affirmed; and that there was ample evidence beyond a reasonable doubt upon which the jury could convict. It appears further that the judgment of the trial court was not against the manifest weight of the evidence; that there was no error prejudicial to the defendant, Robert Turner, in the trial court; and that the assignments of error filed in the Common Pleas Court by defendant were not well taken. The judgment of the Court of Common Pleas is, therefore, reversed, the judgment of the Columbus Municipal Court is affirmed, and a mandate will be sent to the Municipal Court for execution of sentence.

*Judgment reversed.*

BRYANT and MILLER, JJ., concur.