LEITZY v. STATE.

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1154. Decided Mar. 22, 1928.

Before Judges Crow, Hughes and Justice.

First Publication of This Opinion.

Syllabus by Editorial Staff.

148. BILLS OF EXCEPTIONS—465. Error Proceedings—941. Practice and Procedure. Time for computing filing of bill of exceptions is from date judgment of court is journalized.

Error to Common Pleas.
Judgment affirmed.

W. J. Geer and A. S. Leuthold, Bucyrus, for Leitzy.
Louis H. Kreiter and Clarance U. Ahl, Bucyrus, for State.

FULL TEXT.

HUGHES, J.

From a conviction in a criminal prosecution, defendant prosecuted error to this court.

The bill of exceptions was not filed within the statutory time, as shown by the original record filed here. When this fact was discovered, there was a suggestion for diminution of record and defendant went before the trial court on a motion to have the record changed regarding the dates of the judgment and the ruling on the motion for a new trial, and a hearing was had upon that motion, and a petition in error filed here complaining of the judgment on that motion; and there is also filed, a bill of exceptions disclosing the evidence adduced at that hearing.

We have gone through that bill of exceptions with care and find that the judgment of the court upon that motion is amply sustained by the evidence and therefore the corrections that were made in the original record must be the controlling feature in the major case before us here.

Coming now to consider the case upon its merits, we find that the record as changed, still discloses the fact that the bill of exceptions was not filed within the statutory time, and hence it must be stricken from the files.

There are no errors complained of, which can be passed upon in the absence of a bill of exceptions, and hence the judgment must be affirmed.

The foregoing is in harmony with the former rulings of this court upon similar questions, and it is also in harmony with the former decisions of the Supreme Court. That is, the time for computing the filing of a bill of exceptions, is from the date the judgment of the court is journalized.

We are cited to the case of Hayes v. Hayes, decided November 2, 1927, by the Supreme Court, in support of the position taken by the defendant.

We have procured the complete record from the Supreme Court in this case, and it is in harmony with the other holdings of the court. In that case it is disclosed by the entries, that the judgment of the court was actually pronounced in the common pleas court some months before the judgment was journalized. The record on the journal recited, "February 26, 1926. To the Court: This cause came on to be heard upon the petition of the plaintiff, and so forth," and then followed the judgment of the court. The record shows that as early as December 14th, the motion for new trial was filed and on December 15th, the motion for new trial was filed and on December 15th, was overruled; and the Supreme Court in the Hayes case holds that the date for computing time, was February 26, 1926.