## STATE v McFARLAND

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3451. Decided Jan. 28, 1942.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; Forrest F. Smith and T. Vincent Martin, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

Franklin Rubrecht, Columbus, and Frank H. Ward, Columbus, for defendant-appellant.

### OPINION

By GEIGER, PJ.

The State of Ohio files a motion for an order affirming the judgment of the lower court and dismissing the appeal for the reason that no bill of exceptions has been filed and the time for filing has now passed.

The defendant-appellant was indicted on the charge of murder in the second degree and was tried on the 15th day of October, 1941, before a judge of the Court of Common Pleas, a jury having been waived. The Court found him guilty of manslaughter. On the 16th day of October a motion for new trial was filed and on the 27th thereof, an amended motion was argued and submitted to the Court. On the 19th day of November the motion for new trial was overruled and the defendant sentenced to the Penitentiary.

On December 1st notice of appeal was filed, and on January 5, 1942, the purported bill of exceptions was filed in the Common Pleas Court, and on the same day the Prosecuting Attorney filed his exceptions thereto.

The matter involves the right of the defendant under §13445-1 GC, which provides that if the defendant finds himself aggrieved he may present his bill of exceptions for allowance.

It further provides that "the court shall fix the time within which such bill of exceptions or objections shall be filed, which in no case shall be more than thirty days from the overruling of the motion for a new trial.

The case of **Luff v State, 112 Oh St 101,** holds in substance, in the prosecution of error by defendant from an adverse verdict, a bill of exceptions is not available unless filed within the time fixed by the Court, which under §13680 GC, can not be more than thirty days from the overruling of the motion for a new trial. See also **State v Bell, 52 Oh Ap 11,** and **Estate of Arrasmith, 54 Oh Ap 391,** and **State v Parnell, 56 Oh Ap 77.** In all of these cases it has been held that the thirty day provision of §13455-1 is mandatory, and the Court in each struck the bill of exceptions that was filed too late and affirmed the judgment. Counsel contends that there being no bill of exceptions available for the consideration of the Court, there is no error apparent upon the face of the record and the trial Court should be affirmed and the cause remanded for execution.

Counsel for defendant-appellant state that the trial judge overruled the motion for a new trial on November 19,

1941, and thereafter entertained an application for rehearing on the motion for a new trial, which application was filed January 6th. The trial court on January 6th, 1942, made the following entry: "This cause came on to be heard upon the application of defendant for a rehearing of the motion for a new trial, and the Court being fully advised in the premises finds said application not well taken and denies the same."

It is pointed out by counsel for appellant that on December 1st, 1941. eleven days after the motion for a new trial, counsel filed a precipe ordering preparation of the bill of exceptions and counsel propounded the following question: "Did the entertaining by Judge Duncan of the application for rehearing on the motion for a new trial revive the time limit to thirty days from his entry denying such application?" It will be observed that the Judge did not set aside the entry made on December 1, 1941, and that the thirty days have long since expired. Had the Judge set aside the entry and reheard the motion, then counsel might be correct in a claim that the thirty days should begin from the time of the second overruling of the motion, but this did not occur in this case. It is true the Judge did not finally dispose of the application for rehearing until a time within the thirty-day period, but it does appear that the bill of exceptions was not filed within the thirty-day period allowed by §13445-1 GC. Counsel for appellant claims that the thirty days for the filing of the bill of exceptions should begin from the final action of the lower court in disposing of the motion for a new trial. We find no support either in the statute or in the decision of this position. If it were true, it would furnish a ready means for continuing the period for filing the bill of exceptions over a period beyond the thirty days by the mere device of filing an application for rehearing of a motion for new trial already sustained by the Court. The provisions of the statute are mandatory and there is no way that we know of to avoid the provisions.

Sec. 13445-1 GC, provides, under the head, "Time of Filing a Bill of Exceptions", that,

"The court shall fix the time within which such bill of exceptions or objection shall be filed, which, in no case shall be more than thirty days from the overruling of the motion for a new trial."

The case of **Luff v The State of Ohio, 112 Oh. St 102**, in treating of the time in which the bill must be filed, states that a bill is not available unless filed in the Court of Common Pleas within the time fixed by that Court, which can not be more than thirty days from the overruling of the motion.

"3. Where such bill of exceptions is not filed in the trial court within the time prescribed, and the errors charged are such as can be disclosed only by a bill of exceptions, the judgment must be affirmed."

Mathias, J., delivering the opinion of the Court, states on page 104:

"No argument can modify the mandatory effect of such language; even an order of the court can not extend the time within which a bill of exceptions may be filed beyond the limit fixed by the statute, which is thirty days. In no case can it be more than thirty days."

On page 105:

"Where a bill of exceptions is not filed within the statutory time the judge is without authority to allow and sign such bill."

On page 107:

"The burden is upon the complaining party to comply with the mandatory requirements of the statute in any and

all events of he desires to prosecute a review of an adverse judgment."

On the same page it is stated:

"The conclusion is irresistible that there was no valid bill of exceptions, and it appearing that none of the questions presented by the plaintiff in error can be determined upon the record consisting of the indictment, plea and journal entries, and there being no question as to the validity of the indictment, it follows that the judgment of the Court of Appeals must be affirmed."

In the instant case the indictment charges the defendant with murder in the second degree, and none of the questions presented by the defendant-appellant can be determined upon the record properly before us. A bill of exceptions was filed January 5, 1942, and objection made thereto by the State on the ground that it was not filed within proper time. The trial court endorsed the same, "Application of defendant for rehearing of motion for new trial overruled. Objection of the State to bill of exceptions sustained".

It follows that the judgment of the Court below must be affirmed. Appeal dismissed.

HORNBECK & BARNES, JJ., concur.