**STATE, Plaintiff-Appellee, v. KENNEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3763.   Decided January 19, 1945.

Ralph J. Bartlett, Prosecuting Attorney, Forrest F. Smith, Asst. Pros. Attorney, Columbus, for plaintiff-appellee.

Mayer & Mayer, Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth District, sitting by designation in place of Barnes, P. J.

## OPINION

By GEIGER, J.

This matter is in this Court on a notice of appeal filed in the Court of Common Pleas on June 13, 1944, said notice stating that the appeal is on question of law and fact. Of course this is not correct as it is a criminal case and the appeal may be had only on questions of law.

The case was certified by the Juvenile Court to the Court of Common Pleas for trial, and the defendant was indicted under the provisions of §12423-1 GC, which provides in substance that whoever, being a male person over the age of

eighteen years shall assault a female child under the age of fourteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make indecent exposures in the presence of such child, shall be deemed guilty of felonious assault, and shall be fined or imprisoned in the penitentiary.

The indictment was to the effect that the defendant, being a male person over the age of eighteen years did unlawfully assault J. W., a female child under the age of fourteen, and wilfully and unlawfully did take indecent and improper liberties and unlawfully made improper exposure of his person with the person of said J. W., he then and there not committing or intending to commit the crime of rape upon said child.

The verdict of the jury found "the defendant Harry E. Henney (Kenney) guilty of felonious assault as he stands charged in the indictment". "William B. Mansfield, Foreman".

This verdict was filed on April 14, 1944. Motion for new trial was filed on April 17. On June 13, 1944, the motion for new trial was overruled and the defendant sentenced, and on the same day a notice of appeal was filed.

A bill of exceptions was filed in the Court of Common Pleas on September 30, 1944, and in this Court on October 16, 1944.

**Sec. 13445-1 GC**, relating to the time of filing of bills of exceptions provides:

"The Court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial."

On the 30th day of September, 1944, the defendant filed his bill of exceptions which was allowed by the Court on the 16th day of October. Being required to file his bill within thirty days after the overruling of the motion for a new trial, he was too late, and his failure to file the same within the statutory time cannot be corrected.

Under those circumstances there is no proper bill of exceptions before this Court presenting the errors complained of, and all the Court may do is to affirm the sentence and judgment of the Court below.

Judgment affirmed.

HORNBECK, J., and MONTGOMERY, J., concur.