**STATE, Plaintiff-Appellee, v. WILDERMUTH, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 148. Decided August 13, 1949.

Rodney R. Blake, Pros. Atty., Carrol V. Lewis, Sidney, for plaintiff-appellee.

Sam J. Hetzler, Sidney, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal and affirm the judgment of the trial court upon the ground that the bill of exceptions was not filed within the time prescribed by law.

The defendant was charged, tried and convicted of operating a motor vehicle while under the influence of intoxicating liquor. A motion for new trial was filed, which was overruled May 7, 1949. The bill of exceptions was not filed in the trial court until June 14, 1949. Thus it appears that the bill was filed more than thirty days after overruling of the motion for a new trial. The period of time prescribed in §13445-1 GC within which a bill of exceptions may be filed in a criminal case is mandatory. Where the bill is not filed within the statutory time the trial judge is without authority to allow and sign the bill. **Luff v. State 112 Oh St 102, 146 N. E. 892; Kenney v. State, 18 Abs 76; State v. McFarland, 36 Abs 97; State v. Kenney, 43 Abs 63.** It appearing that there are no errors complained of which can be considered in the absence of a bill of exceptions the reviewing court has no alternative but to affirm the judgment. **Vol. 2 O. Jur., Part 2, page 1713, Section 920;** Luff v. State, supra; State v. Kenney, supra; **Leitzy v. State, 6 Abs 427.**

An examination of the record shows that the defendant duly filed a notice of appeal and, also, within thirty days after sentence and judgment filed in this court his motion for leave to appeal and a petition on appeal requesting the court to review the order and judgment of the trial court. Presumably the motion and petition were filed under §13459-4 GC, which provides for such procedure after thirty days from sentence and judgment. No showing is made which would require this court to give favorable consideration to the motion or petition, both of which are denied.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.