THE STATE OF OHIO, APPELLEE, *v.* JOHANNSEN, APPELLANT.

(No. 631—Decided April 21, 1952.)

454

*Mr. Herbert R. Freeman,* prosecuting attorney, for appellee.
*Messrs. Miller & Miller,* for appellant.

SAVORD, J. On October 5, 1951, a jury in this cause returned a verdict finding the defendant guilty of rape with consent. The entry journalizing such verdict was filed as of October 8, 1951. On the same date, motion for new trial was overruled and the court, proceeding pursuant to Section 13451-20, General Code, referred defendant to the Lima State Hospital. The defendant was ultimately returned from the state hospital and on November 10, 1951, was adjudged by the court to stand committed to the Ohio Penitentiary for an indeterminate period of time. On the same day defendant filed notice of appeal on questions of law, thus seeking a review of this cause. The bill of exceptions was filed in the trial court on November 28, 1951. As of November 30, 1951, the trial court sustained objections filed on behalf of the state to the filing, allowance and signing of the bill of exceptions on the grounds that more than 30 days had elapsed since the date of the overruling of the motion for new trial, and as so disallowed, the bill of exceptions was returned to the clerk of courts.

The cause is now before this court on the motion of the state for an order dismissing the appeal of defendant and affirming the judgment of the trial court on the ground that the bill of exceptions was not filed in the trial court within the period provided by statute.

The last sentence of Section 13445-1, General Code, and the construction accorded thereto by the courts, is dispositive of the question here presented. That sentence reads as follows:

"The court shall fix the time within which such bill

of exceptions or objections, shall be filed, *which, in no case, shall be more than thirty days from the over-ruling of the motion for a new trial.*" We italicize the significant portion of the section.

The provisions of Section 13459-4, General Code, permitting an appeal as a matter of right within 30 days after sentence and judgment are undoubtedly productive of confusion and tend to mislead counsel. in accomplishing strict compliance with the provisions of Section 13445-1, General Code. Nevertheless, the provisions of Section 13445-1 have necessarily been construed as mandatory and failure to file a bill of exceptions in the trial court within the time therein provided has been held fatal. *State* v. *Edwards,* 157 Ohio St., 175, 105 N. E. (2d), 259; *Luff* v. *State,* 112 Ohio St., 102, 146 N. E., 892; *State* v. *Wildermuth,* 86 Ohio App., 307, 89 N. E. (2d), 705; *State* v. *Jarcho,* 65 Ohio App., 417, 30 N. E. (2d), 444; *State* v. *McFarland,* 36 Ohio Law Abs., 97, 42 N. E. (2d), 923; *State* v. *Kenney,* 43 Ohio Law Abs., 63, 61 N. E. (2d), 895.

The achievement of more marked similarity with respect to the provisions of Sections 13445-1 and 13459-4, General Code, can be accomplished only by legislative intervention. In a circumstance such as presented by the instant case, the rights of the defendant might be preserved by the court foregoing ruling on the motion for a new trial until after termination of the observation period.

By reason of the foregoing, we are required to sustain the motion to dismiss the appeal and, there being no proper bill of exceptions before this court presenting the errors complained of, we can only affirm the sentence and judgment of the trial court.

*Judgment affirmed.*

Fess and Conn, JJ., concur.