and testament of Huldah Shuler, deceased, had been admitted to probate on December 8, 1928. By this amendment, and such it should be deemed and considered to be, the omission, if such there be, in the petition, is cured. To hold otherwse would be to ignore the plain provisions of the statute and thus defeat one of the purposes of its existence.

Coming now to the last proposition. §12080 GC provides that:

"All the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Sec 12087 GC, provides, in part, as follows:

"The action to contest a will or codicil shall be brought within one year after it has been admitted to probate. * * *".

Sec 11230 GC, provides, in part, as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is * * * otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if·it be regularly made."

Sec 11231 GC, provides as follows:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

It will be observed that none of the parties summoned, either personally or by publication, within one year after the probation of the will, were beneficiaries or a transferee of a beneficiary under the will. None of them summoned within the year had any financial interest in upholding the will. To the contrary, all of them who were summoned within the year were interested in having the will set aside and held for naught. It will be further observed that the curative provisions of §11231, GC, have no application to the facts in this case.

Said §11230, GC, has been construed by our Supreme Court. In the case of McCord v McCord, 104 Oh St, 274, it is held:

"Co-defendants are 'united in interest' within the meaning of the provisions of §11230, GC, only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action."

Applying this rule of law to the facts in this case, we are unanimously of the opinion that no will contest was pending within the purview of §12087, GC, within one year after the will was admitted to probate.

All other claims of error have been considered and we find them to be not well taken.

Holding these views, it follows that the judgment under review should be affirmed.

CROW and KLINGER, JJ, concur.

### MERRELL v MATT et

Ohio Appeals, 1st Dist, Hamilton Co

No 4034.  Decided Feb 29, 1932

Charles G. Williams, Columbus, for plaintiff in error.

John Scanlon, Cincinnati, for defendants in error.

ROSS, PJ.

It has been definitely settled that the Court of Appeals may not reverse upon the weight of the evidence if the trial court has once granted a motion for a new trial against the same party. Cleveland Ry. Co. v Trendel, etc., 101 Oh St, 316. Rolf v Heil, 113 Oh St, 113.

In both of these cases, however, the setting aside of the verdict would have been against the same party. In the present case, though the defendants in error secured the original verdict, they were dissatisfied with it and filed the motion for a new trial which was against the plaintiffs in error.

The present action of this court in ordering a conditional reversal is against the defendants in error, so that there will not be a granting of a new trial against the same party, more than once.

To construe the statute otherwise would be to permit an intolerable situation, for a verdict might be rendered in favor of a plaintiff for but nominal damages and be properly set aside as against the weight of the evidence, on motion of the plaintiff. Upon second trial another jury might do just as great an injury by returning a verdict for an enormous sum, and, unless the record showed such passion and prejudice as to warrant a reversal upon this ground, the defendant would be completely helpless, although he had never asked or received any relief upon the weight of the evidence, either by motion for a new trial or reversal on error.

We conclude that the statute means just what it says—that the same court shall not grant more than one new trial on the weight of the evidence against the same party, and that when it grants such a motion filed by a party it can not be said to have granted a motion against him.

The trial court, therefore, in the instant case could have granted the motion, was not prevented from doing so by the terms of §11577, GC, and committed error in refusing the motion of the plaintiff in error for a new trial, made for the first time in the entire proceeding.

We adhere to our former decision in the matter, and the application for a rehearing is denied.

HAMILTON and CUSHING, JJ, concur.

## MERRELL v MATT et

Ohio Appeals, 1st Dist, Hamilton Co

No 4034.   Decided Feb 15, 1932

Gilbert Bettman, Columbus, and Raymond S. Powers, Akron, for plaintiff in error.

John Scanlon, Cincinnati, for defendants in error.

ROSS, PJ.

It has been repeatedly held that this court has such jurisdiction from all courts of record in this state, by virtue of the provisions of Article IV, §6 of the Ohio Constitution.

Other grounds urged in support of the motion are found to be unsupported, and the motion is overruled.

An examination of the record discloses that upon the first trial of this cause the jury rendered the following verdict: