·still, as stated by the Supreme Court in the Lumbra case, supra, (p. 559):

"It cannot be said that injury or disease sufficient merely to prevent one from again doing some work of the kind he had been accustomed to perform constitutes the disability meant by the Act, for such impairment may not lessen or affect his ability to follow other useful and perchance more lucrative, occupations."

If such a statement applies to War Risk Insurance, it applies with greater force to a contract of insurance between private parties and with especial force to an insurance contract worded as the one in this case.

Motion for new trial overruled.

## LAIR v LAIR

Ohio Appeals, 2nd Dist, Franklin Co

No 3309. Decided Jan 17, 1941

Arvin J. Alexander, and H. S. Kerr, Columbus, for plaintiff and for the motion.

·· Hedges, Hoover & Tingley, Columbus, and E. E. Addison, Columbus, for defendant-appellant, contra the motion to dismiss, and for the motion for extender.

## OPINION

BY THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal,

(1) For failure of appellant to file brief within fifty days after his notice of appeal was filed.

(2) For failure to file motion for extension of time within which to file briefs.

Both of these grounds of the motion are well taken and it must therefore be sustained.

We have an application of date January 4, 1941, of counsel for defendant-appellant for leave to file the briefs out of rule, but the reasons assigned therefor are not sufficient to support the order sought.

We have, without exception, enforced Rule VII when counsel have invoked it by motion, and no sufficient reason appears in this case to justify an exception to the rule.

The motion will be sustained.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.