**PARRETT, Plaintiff-Appellant v. PARRETT, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3723. Decided June 17, 1944.

Carl H. Valentine, Columbus, for defendant-appellee, The Prudential Insurance Company of America, and for the motion.

Francis M. Thompson, Columbus, for plaintiff-appellant, and contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of defendant-appellee, the Prudential Insurance Company of America, to dismiss the appeal for failure of plaintiff-appellant to observe Rule VII of the Court of Appeals providing that briefs, assignments of error and bills of exceptions shall be filed within fifty days after filing the notice of intention to appeal. The briefs of appellant were

filed out of rule, but it is suggested that because of press of business an emergency was created which made it difficult to conform to the rule.

We have, without exception, for several years enforced Rule VII and find that requirement of strict compliance therewith is salutary in expediting the adjudication of appeals on questions of law. Obviously, if the enforcement of the rule is to be yielded upon a showing of counsel of rush of business the rule would soon be without effect, for two reasons: first, many counsel who practice in this Court are confronted with an emergency because of stress of business; and, second, it would be impossible to refute such a claim even though it had insufficient basis in fact.

We have on many occasions called the attention of counsel to the proper procedure if they find that the time within which they are required to file briefs under Rule VII is about to elapse. Almost without exception this Court will extend the time within which briefs may be filed, if the application for such extender is made within rule.

We do not find good cause shown for the failure of the appellant to observe Rule VII.

The appeal will, therefore, be dismissed.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

APPLICATION FOR REHEARING

Decided July 11, 1944.

BY THE COURT:

This submission is on an application for rehearing of our recent opinion holding that the appeal should be dismissed for failure to observe Rule VII as to the filing of briefs. It is unusual and almost unprecedented to have an application for reconsideration of action on a motion to dismiss but we recognize that the facts underlying the application, which appear from the affidavit tendered with the application, are also most unusual. They present a condition which calls for the most considerate judgment of the Court. It is not necessary to restate the history in this Court leading up to the enforcement of Rule VII. We have in many instances set it forth in reported opinions.

As moving as are the reasons of appellant to vary the Rule, it is our judgment that if they be accepted as good cause

for failure to file briefs within time the further enforcement of the Rule will fail because of the precedent established.

The work which counsel for appellant has done during the period when his brief was due was prodigious. However, it is not at all unusual for practicing attorneys to be candidates for public office and although the efforts which they put forth may differ greatly, yet if urged by them as good cause for failure to observe Rule VII, it would be next to impossible for this Court to determine when good cause was established.

We regret the necessity of the strict enforcement of the Rule in this case, but feel that the precedent established must be observed. The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.