**STATE, Plaintiff-Appellee, v. BARBER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3842.   Decided September 20, 1945.

382

Hugh K. Martin, Senior Asst. City Atty., (Traffic Prosecutor), Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

**OPINION**

BY THE COURT:

Submitted on motion of the plaintiff-appellee to dismiss the appeal for the reason that the brief of the appellant was not filed with the transcript as required by §13459-3 GC, which in part reads as follows:

"* * * The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal. * * *"

This Court passed upon this question in **State v Jarcho, 65 Oh Ap 417:**

"This provision as to the time of filing appellant's brief is mandatory. It is not controlled by a rule of the appellate court. We have without exception enforced the rule as to the time within which briefs shall be filed by the appellant in civil cases (Rule VII, Courts of Appeals), and there is every reason and more why a specific provision of statute shall be enforced. We find no sufficient reason appearing in the affidavits which would cause us to relax the mandatory provisions of the section as to the filing of appellant's brief. The section gives precedence in reviewing courts to the hearing of cases involving criminal appeals. This, no doubt, is done to expedite the final determination of the rights of defendants and the state in criminal cases and to avoid unnecessary delay. To ignore or relax the specific provisions of the section as to the time within which briefs should be filed will open the way for delays in judgments in criminal cases which should be kept at a minimum."

See also:

**Columbus v Balzan, 38 Abs 141, 49 N. E. (2) 592;**
**State v Smith, 33 Abs 612;**

State v Bell, 52 Oh Ap 11, 2 N. E. (2) 786;
State v Parnell, 56 Oh Ap 77;

The motion is sustained and the appeal ordered dismissed.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.

## ON MOTION TO CERTIFY THE RECORD

Decided October 17, 1945.

BY THE COURT:

Defendant moves to certify the record to the Supreme Court of Ohio for the reason that the judgment of this Court is in conflict with the judgment of the Court of Appeals of Cuyahoga County, Ohio, in **State v Brunswick, 71 Oh Ap 101,** and the same style, reported in **69 Oh Ap 407.** An examination of the two cases above captioned, and particularly the opinion of Judge Nichols in **69 Oh Ap beginning at p. 413,** demonstrates that the judgments in these cases are not in conflict with our judgment in the instant cause. In both of the cited cases it was the contention of appellant that §13459-3 GC, wherein it is required that the brief of the appellant shall be filed with the transcript and contain the assignment of errors relied on in such an appeal, is jurisdictional, and that, therefore, a failure to observe this provision of the statute precluded the appellate court from pronouncing any judgment in the cause. Our decision in this case and in **State v Jarcho, 65 Oh Ap 417,** and other like cases which we have decided, holds that that part of §13459-3 GC here under consideration is mandatory; that is to say, that the statute in mandatory terms requires and compels that the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal. This holding, however, does not go so far as was contended in the cited cases, nor does it compel the holding that the Court has no jurisdiction to determine the appeal.

This Court has for years, without exception, enforced Rule VII in its application to civil cases. This rule has the proviso that for good cause shown briefs may be filed out of rule, but in the years that this rule has been enforced no good cause has been shown supporting an order that the briefs could be filed after time provided under the rule.

There is even more reason that the statutory requirement of §13459-3 GC, even if a discretionary requirement, should be enforced, than a similar rule controlling briefs in civil appeals. The delays of courts in determining and concluding criminal prosecutions were for many years the subject of adverse criticism, and it is altogether probable that the Legislature in enacting the new criminal code made the mandatory provisions of §13459-3 GC to accomplish expedition in the disposal of criminal appeals.

We could subscribe to everything that was said by the writers of the opinions in the cases of State v Brunswick, and, notwithstanding, make the order of dismissal in the instant cause. We do not agree with all that is said in these opinions, but we are in entire accord with the ultimate conclusion that §13459-3 GC does not affect jurisdiction.

It has been suggested by counsel for appellant that all the necessary papers, the transcript, the assignments of error, the brief and the bill of exceptions were filed in this cause within thirty days from the notice of appeal, and that it works an injustice to dismiss the appeal solely because the briefs were not filed with the transcript and assignments of error. There is considerable force in this contention in the abstract, but consideration of the criminal code takes away much of its force.

An examination of §13459-2 GC, in conjunction with §13459-3 and §13459-4 GC, discloses the plan which an appellant should follow in perfecting and prosecuting the appeal in a criminal case. Sec. 13459-2 GC provides that when the provisions therein set forth are observed, the clerk "shall make and deliver to such accused, or his counsel, a complete certified transcript of the record, * *." This then places in the custody of the accused or his counsel the transcript and it is the accused or his counsel who controls the filing of this transcript in the Court of Appeals. He then can take the full time, thirty days after the notice of appeal, if desired, to prepare his assignments of error and briefs and file them together with the transcript with the Clerk of the Court of Appeals.

The motion to certify will be overruled.

We may add, although not to be carried in the judgment entry because we have dismissed the appeal, that an examination of this record is convincing that no error prejudicial to appellant occurred in the trial of his case.

HORNBECK, P. J., and MILLER, J., concur.