**STATE, Plaintiff-Appellee, v. DAVIS alias DAVIDSON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3876.   Decided October 8, 1946.

Glenn E. Kemp, Police Prosecutor, Columbus, for Plaintiff-Appellee.

L. P. Henderson, Columbus, for Defendant-Appellant.

**OPINION**

By THE COURT:

This is an appeal on law from the judgment of the Com-

mon Pleas Court of Franklin County, Ohio. In the notice of appeal the statement is made that the appeal is "upon questions of law and upon questions of law and fact." Obviously an appeal on law and fact cannot be taken and this case stands as an appeal on law.

This case was first tried in the Municipal Court of Columbus wherein the defendant-appellant was charged and found guilty of the offense of having unlawfully, purposely and maliciously damaged two tires on the automobile of the prosecuting witness by puncturing them with an ice pick. An appeal was duly filed in the Common Pleas Court of Franklin County which affirmed the judgment of the trial court on October 19, 1945. Notice of appeal to this court was filed November 14, 1945, together with a transcript of the docket and journal entries. The brief of defendant-appellant was not filed until September 12, 1946. In the brief the sole question raised relates to the weight of the evidence. While this court would have no difficulty in affirming the judgment on the weight of the evidence, we are disposed to consider the question as to whether the appeal should not be dismissed on the ground that the defendant-appellant has failed to comply with the provisions of §13459-3, GC, which in part provides:

"Brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

The record shows that the brief was not filed with the transcript but ten months later. Furthermore, the brief does not contain the assignments of error as required by the statute. In fact, no assignments of error have thus far been filed. The provisions of the above section of the Code are mandatory and the failure to comply therewith justifies an order dismissing the appeal. **State v Bell, 52 Oh Ap 11; State v Parnell, 56 Oh Ap 77; State v Jarcho, 65 Oh Ap 417; State v Smith, 33 Abs 612; Columbus v Balzan, 38 Abs 141.**

In State v Jarcho, supra, (Opinion by Judge Hornbeck) the court very convincingly sets forth the reasons for enforcing the mandatory provisions of §13459-3, GC. We reaffirm and approve the proposition of law announced in that opinion.

The appeal will be dismissed and the case remanded for execution and sentence.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.