**STATE, Plaintiff-Appellee, v HAILEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4014.  Decided May 28, 1947.

Robert E. Leach, Traffic Prosecutor, Columbus, for plaintiff-appellee.

Forrest F. Smith, Columbus, for defendant-appellant.

## OPINION

By THE COURT

Submitted on motion by the plaintiff-appellee to dismiss the appeal in this cause. The pertinent facts of the record disclose that on February 10, 1947, the defendant-appellant was found guilty of violating §12606 GC, by the Municipal Court of Columbus, Ohio, and sentence was imposed at that time. On March 11, 1947, the defendant-appellant filed in this Court a copy of notice of appeal together with transcript of proceedings in the Municipal Court up to that date.

On March 14, 1947, the appellant filed in this Court an

application for extension of time for the filing of briefs, which application was allowed and the time for the filing of the defendant's brief was extended to April 19, 1947.

On April 15, 1947, the defendant-appellant filed in this Court a supplement to the transcript of docket and journal entries showing that the trial court had overruled the motion for new trial on March 24, 1947, and sentence was reimposed on same date. Defendant also filed in this Court on April 15, 1947, a bill of exceptions signed and allowed in accordance with §13445-1 GC. Up to the time of the filing of this motion, to-wit, May 7, 1947, no assignments of error or brief have been filed. While §13459-3 GC, provides in part as follows: " * * * The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal * * * * ", the time for the filing of the defendant's brief was extended by Court order to April 19, 1947. The defendant-appellant has not complied with this order. No good cause is shown by the defendant-appellant why this order has not been complied with.

In **State v Jarcho, 65 Oh Ap 417,** this Court said:

"We have without exception enforced the rule as to the time within which briefs shall be filed by the appellant in civil cases (Rule VII, Court of Appeals), and there is every reason and more why a specific provision of the statute shall be enforced. We find no sufficient reason appearing in the affidavits which would cause us to relax the mandatory provisions of the section as to the filing of appellant's brief. The section gives precedence in reviewing courts to the hearing of cases involving criminal appeals. This, no doubt, is done to expedite the final determination of the rights of defendants and the state in criminal cases and to avoid unnecessary delay. To ignore or relax the specific provisions of the section as to the time within which briefs should be filed will open the way for delays in judgments in criminal causes which should be kept at a minimum."

See also **State v Barber, 44 Abs. 382.**
The motion to dismiss the appeal is sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.