**SNOW, Plaintiff-Appellee, v CINCINNATI STREET RAILWAY COMPANY, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6786. Decided June 16, 1947.

Kunkel & Kunkel, Cincinnati, for plaintiff-appellee.

Brumleve, DeCamp & Wood, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.

This case is again presented to this Court upon an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. The trial resulted in a verdict in favor of the plaintiff. In two previous trials the same conclusion was reached by juries.

The defendant advances as its first assignment of error that the trial court should have directed a verdict for the defendant (1) because the defendant was not negligent (2) because the plaintiff was guilty of contributory negligence.

This court has previously considered the evidence in this case under such claims of the defendant. The essential facts

have been developed in the several trials with little change. An examination of the record now presented leads to the same conclusion previously expressed upon such facts that the trial court committed no error in refusing to grant motions for an instructed verdict on either ground.

The defendant advances as its second assignment of error that **"the trial court erred** in refusing to grant a new trial on the ground that the verdict is manifestly against the weight of the evidence." (Emphasis added.)

Thirty-six jurors have considered the evidence in this case and at least twenty-seven of them have found for the plaintiff in the three trials which have been held. In the first trial, the jury returned a verdict in favor of the plaintiff for $6,000.00. This was set aside by the first trial court on the ground that such verdict was against the weight of the evidence. The second trial resulted in a verdict in favor of the plaintiff for $25,000.00, which the second trial court set aside on the ground that "the verdict was rendered under the influence of passion and prejudice."

The problem here presented is whether **now** this court may reverse the judgment of the trial court upon the weight of the evidence. If it cannot, then there is no need to examine the record in the light of this second assignment of error.

There can be no question but that the trial court was prohibited by the provisions of §11577 GC, from again granting a new trial on the weight of the evidence. The authorities noted hereinafter sustain this conclusion. The instant action being one pending on October 11, 1945, the overruling of a motion for new trial was necessary in order that the court might consider the weight of the evidence. **Von Guten v New Justice Coal Co., 147 Oh St 511; Maynard v B. F. Goodrich Co., 144 Oh St 22, 26; State, ex rel. v Brookes, 142 Oh St 107; Laub Baking Co. v Middleton, 118 Oh St 106.** Such motion was filed in the instant case and overruled and the assignment of error now considered is based upon the overruling of such motion, which could not have been granted by the trial court, without violating the provisions of §11577 GC. Such situation will be discussed later.

In order to reach a conclusion upon the present right of this Court to consider the weight of the evidence it is necessary to review at some length the decisions of the Supreme Court in which §11577 GC, has been construed. This section provides:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the

same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

In **Mahoning V. Ry. Co. v Santoro, 93 Oh St 53,** this section received extended consideration. The problem there presented was whether §11577 GC, operated to prevent the Court of Appeals from granting a new trial on the weight of the evidence when its antecedent, the Circuit Court, had so ordered. The syllabus of this case is:

"1. The constitution of 1912, by its schedule, expressly saves 'all laws then in force, not inconsistent therewith.'
"2. Before a statute can fall by reason of such inconsistency the repugnancy must be necessary and obvious. If by any fair course of reasoning the statute and constitution can be reconciled, the statute must stand. (Following **Cass v Dillon, 2 Oh St 607.**)
"3. **Sec. 11577 GC,** is by these tests reconcilable with the several amendments of the constitution adopted in 1912, and is applicable not only to cases pending on the first of January, 1913, but to all other cases, until said statute shall be repealed.
"4. A mere change of the name of a court does not change the court, where the clear and manifest constitutional purpose is to the contrary."

This case has never been overruled, but on the contrary has been cited frequently with approval. **Matthis v Youngstown M. Ry. Co., 140 Oh St 164, 165; Isaac v Int. Sales Corp., 132 Oh St 289, 298; Nyiry v Modern Brotherhood of America, 97 Oh St 343; Ramm v Babin Realty Co., 98 Oh St 449.**

On page 56 of the opinion in the Santoro case, the writer of the opinion distinguishes jurisdiction from procedure:

" 'Jurisdiction has been defined as: The power to hear and determine a cause; * * * * the authority by which judicial officers take cognizance of and decide them; * * * * the power of a court or a judge to entertain an action, petition, or other proceeding; * * * * a power constitutionally conferred upon a judge or magistrate to take cognizance of and determine causes according to law, and to carry his sentence into execution.' 11 Cyc., 659 et seq.

"While practice or procedure is: 'The mode of proceeding by which a legal right is enforced; that which regulates the formal steps in an action or other judicial proceeding; the

course of procedure in courts; the form, manner, and order in which proceedings have been and are accustomed to be had; the form, manner, and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law, and the rules laid down by the respective courts.' 31 Cyc., 1153."

Again, on page 57, it is stated in the opinion:

"For more than seven years §11577 GC, had been a part of the practice and procedure of our Ohio courts, and there is nothing whatsoever in the new constitution that undertakes to withdraw generally from the general assembly the power and right to legislate upon matters that are peculiarly and exclusively questions of practice and procedure."

The result of the reasoning in the opinion appears in the syllabus quoted.

In **Cleveland Ry. Co. v Trendel, etc., 101 Oh St 316,** the Court there had under consideration the exact question now presented, and in the syllabus held:

"1. The right of a court of appeals to reverse the judgment of a trial court is predicated upon its finding error in the proceedings of such court.

"2. A trial court having granted one new trial upon the weight of the evidence is prohibited by §11577 GC, from granting a second new trial upon the same ground.

"3. Where the trial court has granted one new trial upon the weight of the evidence, and upon a second trial has overruled a motion for a new trial upon the same ground, for the reason that the court is prohibited by §11577 GC, from granting the second new trial upon that ground, and error is prosecuted to the court of appeals, that court is without power to weigh the evidence and determine whether the verdict was in fact against the weight of the evidence, since there could be no error in that respect by the trial court."

The rationale of the opinion is found on page 320, where it is stated:

"The only judgments of an inferior court known to the law in Ohio at the time of the adoption of the amendment in 1912, or now, that may be reviewed by a court of appeals, are judgments from which error is prosecuted, and the jurisdic-

tion of the court of appeals in all such cases is invoked by the filing of a petition in error, and before modification or reversal can be had the court must find not only that there is error apparent upon the record but that the error found is prejudicial. (**Scovern v State, 6 Oh St 288; Ohio Life Ins. Co. v Goodin, et, 10 Oh St 557,** and many other cases.) Hence it must follow that in the instant case before the court of appeals would have been warranted in a judgment of reversal it must have found that the court of common pleas erred in the overruling of the motion for a new trial. To have so held would have amounted to holding that the court of common pleas erred in observing the provisions of §11577 GC, as applicable to common pleas courts. For whatever doubt there may be as to the power of the general assembly to limit the number of judgments of reversal upon the weight of the evidence that may be entered in the same case by the court of appeals, there can be no question as to its power to limit the number of new trials upon the weight of the evidence that may be granted in the same case by the courts whose jurisdiction is defined by the general assembly and not by the constitution."

This case was approved by the Supreme Court in **Rolf v Heil, 113 Oh St 113.**

In connection with this decision, the absurd situation resulting from any other construction is apparent. This is developed by reference to **Werner v Rowley, 129 Oh St 15.** Suppose the trial court should ignore the provisions of §11577 GC, and grant a second new trial upon the weight of the evidence. Appeal to the Court of Appeals would follow. The appellee would assert that there was no final order in granting the motion for new trial. The appellant would claim, and very properly, an abuse of discretion by the trial court in its flagrant violation of the mandate of §11577 GC. The Court of Appeals would then be about to reverse the order of the trial court for such abuse of discretion when it would be confronted by Werner v Rowley, under which authority it would be permitted to agree with the action of the trial court if it found such verdict to be against the weight of the evidence, and, in other words, sustain the trial court in its flagrant flouting of §11577 GC. The effect of Werner v Rowley is to say that the Court of Appeals could do what would have been an abuse of discretion in the trial court. Is there any logic or reason in such a situation?

The syllabus in **Werner v Rowley, 129 Oh St 15,** reads:

"1. A legislative act which attempts, directly or indirectly, to limit or abridge the power of the Courts of Appeals to review the judgments of the Courts of Common Pleas, contravenes the provisions of Sec. 6, Art. IV, of the state Constitution and is void.

"2. This right of review extends not only to errors of law occurring at the trial, but also to errors of fact, including an assignment of error that the verdict of a jury is against the manifest weight of the evidence.

"3. Where a trial court has granted one new trial upon the weight of the evidence and upon a second trial is precluded, by §11577 GC, from granting a second new trial aginst the same party upon the same grounds, the Court of Appeals has the power to examine the record and to weigh the evidence for the purpose of determining whether the verdict, on the second trial, was in fact against the weight of the evidence. (Cleveland Ry. Co. v Trendel, 101 Oh St 316, and Rolf v Heil, 113 Oh St 113, are overruled.)"

Judge Jones wrote the opinion in this case. He had dissented in the Trendel and Heil cases, supra, but now the personnel of the Court had completely changed and Justice Weygandt and Judges Stephenson, Bevis, and Wilkin concurred with him. Judge Matthias was on the bench at that time. His name does not appear as concurring, dissenting, or not participating. It may be presumed he recorded a "silent dissent."

In the Rowley case, as indicated by the syllabus quoted, the Court was again considering the exact question considered in the Trendel and Heil cases, supra, and now considered. Strange to say, Judge Jones has nothing to say about the opinion in the Santoro case, where §11577 GC, was held to be merely a procedural statute. It is true this holding is not carried into the syllabus in the Santoro case. However, a reading of the opinion in the Rowley case indicates that the Supreme Court, as then constituted, agreed that §11577 GC, was a statute affecting the jurisdiction of the Court of Appeals and was not merely a procedural statute. The Court held that being a statute modifying the jurisdiction of the Court of Appeals it collided with the 1912 Amendment to Art. IV, Sec. 6 of the Constitution and must, therefore, be ignored, thus permitting the ridiculous situation heretofore outlined. But what has been the further history of this section? It appears again for consideration in Isaac v Int. Sales Corp., 132 Oh St 289, but here a somewhat different personnel appears in the Court and the opinion is written by Judge

Myers, and with him Judges Matthias, Day, Zimmerman and Williams concur in the syllabus, and consistently Justice Weygandt and Judge Jones dissent. Paragraph 1 of the syllabus in Isaac v Int. Sales Corp. is:

"In giving effect to any particular section of the Constitution, other sections relating to the same subject must be taken into consideration in order to harmonize, if possible, all integral parts of the same subject. In the light of Secs. 5 and 16, of Art. I, and Sec. 6, of Art. IV, of the **Constitution, §11577 GC,** remains a valid exercise of legislative power in providing by law the procedure for the exercise of appellate jurisdiction by the Courts of Appeals in respect to judgments of reversal on the weight of the evidence. (Third paragraph of the syllabus in **Mahoning Valley Ry. Co. v Santoro, Admr., 93 Oh St 53,** approved and followed.)"

How similar this is to the holding in the Santoro case from which Judge Myers quotes with approval. Again now **§11577 GC,** is held to be a procedural statute and nowhere again will it be found to be considered otherwise, although the dissent of Justice Weygandt will be found consistently registered in subsequent cases, always based upon the Rowley case. Judge Myers dismisses consideration of the Rowley case with the mere statement "that the facts in that case were not the same as in the instant case," and yet the rationale of the two opinions are diametrically opposed.

In **Matthis v Youngstown Municipal Ry. Co., 140 Oh St 164,** at page **165** of a Per Curiam opinion, the Court say:

"**Sec. 11577 GC,** providing that 'The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case' is a valid exercise of legislative power **in providing by law the procedure** for the exercise of appellate jurisdiction by the Court of Appeals in respect to judgments of reversal on the weight of the evidence. **Mahoning Valley Ry. Co. v Santoro, Admr., 93 Oh St 53, 112 N. E., 190; Nyiry v Modern Brotherhood of America, 97 Oh St 343, 120 N. E., 878; Isaac v Intercoast Sales Corp., 132 Oh St 289, 7 N. E. (2d), 216.**" (Emphasis added.)

Note in the first place that this was a case where the Court

of Appeals **twice** reversed on the weight of the evidence (evidently considering the Rowley case a permissive authority) and, further note that the Supreme Court found that §11577 **GC**, in prohibiting such action was a **procedural** measure; and, further note, that the Santoro case, supra, is quoted as an authority as well as the Int. Sales Corp. case, supra.

Now if §11577 **GC**, is a statute modifying the jurisdiction of the Court of Appeals when it prevents the Court of Appeals from finding the trial court committed error in not doing what it could not legally do under the statute—why does it become merely a procedural statute when it prevents the Court of Appeals from reversing twice on the weight of the evidence?

Is it jurisdictional when the Court of Appeals is prevented from creating an absurd situation, noted heretofore, but merely procedural when the Court of Appeals itself is limited in the exercise of a jurisdiction entirely confined to that court, and without any reference to what occurred in the trial court? The Court was not required to reverse the Rowley case because the exact situation was not again presented, but certainly all rationale of the Rowley case was inferentially repudiated. Again note the personnel of the Court in this Per Curiam opinion; Judges Turner, Matthias, Hart, Zimmerman and Bettman, concurring; Justice Weygandt, dissenting upon authority of the Rowley case.

In view of these later decisions, this Court can no longer consider itself bound by the decision in the Rowley case in spite of the fact that the exact question here presented has not been directly considered by the Supreme Court.

The Rowley case was predicated upon the 1912 constitutional amendment of **Art. IV, Sec. 6.** Sec. 11577 **GC**, was considered to be in conflict with that amendment. Today the 1944 Amendment of that Article is in effect. It is true the jurisdiction of the Court of Appeals remains in status quo until the legislature modifies it by appropriate legislation. **Youngstown M. Ry. Co. v City of Youngstown, 147 Oh St 221; Schottenstein v Newburger, 148 Oh St 71.** Is the legislature required to act in order to effect the application of §11577 **GC**? That section has survived two constitutional amendments of the Article in question without change, and no change or modification of that section is now required to cause it to apply to the instant question. It was **judicial construction** of that section and the 1912 Amendment which produced a completely illogical situation, a judicial construction which evidently does not now have the support of the Supreme Court. The legislature long ago, before the 1912 Amendment of **Art.**

**IV, Sec. 6,** inferentially forbade this Court to do what the trial court could not legally do. There is now no barrier to the **effect** of that legislative mandate. We are not presented here with a statute which after the 1912 Amendment to the Constitution attempted to modify that jurisdiction, and which would require reenactment to make it now effective under the 1944 Amendment of that Article.

**Sec. 11577 GC,** requires no reenactment. It is still as effective as it ever was, and although the 1912 Amendment of the Article still fixes the jurisdiction of the Court of Appeals, the inferential effect of §11577 GC, can no longer be restrained in face of the 1944 Amendment, giving the legislature power to modify the jurisdiction of the Court of Appeals, since any restraint must find its basis merely in a fallacious judicial construction of the statute and the 1912 Amendment.

One other consideration, previously noted, requires comment, although not controlling in reaching a conclusion upon the question presented. For many years the Court of Appeals had been prohibited from considering the weight of the evidence in the absence of a motion for a new trial, based upon that assignment of error. The authorities supporting this rule have been previously noted. If the Court of Appeals can independently of any action by the trial court consider the weight of the evidence, what becomes of the rule requiring the filing of a motion for a new trial in order that the Court of Appeals may consider the weight of the evidence? Is the appellant required to file a motion which he knows and the trial court knows and the Appellate Court knows is a wholly futile action? Certainly, all logic and reason are not to be discarded when matters of procedure are involved.

It is true that under practice applicable to cases pending **after** October 11, 1945, no motion for new trial will be necessary in order that the Court of Appeals may consider the weight of the evidence. What effect this may have upon cases pending after October 11, 1945 need not here be considered as not involved.

The foregoing requires the conclusion that the weight of the evidence is not before this Court, for the reason that no new trial could be granted by this Court, upon the ground the verdict was against the manifest weight of the evidence, the trial court having once before so ordered.

As a third claim of error, the defendant asserts that the plaintiff's counsel was guilty of misconduct requiring a new trial. It does not appear that such claim is sustained by the record.

The fourth assignment of error deals with the refusal of the trial court to give a special charge requested by defendant. This charge is:

"The court charges you that the traffic lights at the intersection of Maple Avenue and Montgomery Avenue regulated traffic and pedestrians who were crossing said intersection and did not regulate traffic or pedestrians who were traveling on Montgomery Road at any other point; and, if you find that the plaintiff was crossing Montgomery Avenue at a point opposite the center doors of the Norwood Theater, then it is immaterial whether the street car crossed the intersection on the green, amber or red light."

No error prejudicial to defendant appears in the refusal of the trial court to give this special instruction.

As a fifth assignment of error the defendant complains of a statement of the trial court in its general charge. The court instructed the jury in part:

"The evidence which has been submitted suggests the possibility of the existence of contributory negligence and for that reason the court is enjoined as a matter of law to speak on that subject."

If there was any error in this charge it was to the prejudice of the plaintiff rather than the defendant, in that there is an implication that in the **opinion** of the trial court there is a suggestion of the possibility of contributory negligence. Certainly, the jury from this statement alone might have gained the impression that the trial court considered that the evidence submitted justified a finding of contributory negligence.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.