**STATE, ex rel. MERRILL, Plaintiff-Appellee, v. MOORE, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1968.   Decided April 17, 1948.

Richard L. Withrow, Dayton, for plaintiff-appellee.
Walter L. Connors, Dayton, for defendant-appellant.

**OPINION**

By THE COURT:

Submitted on motion of plaintiff-appellee to dismiss appeal on the ground that defendant-appellant has failed to comply with the provisions of §13459-3 GC which requires the assignments of error and briefs of the appellant to be filed with the transcript.

This is an appeal on questions of law. The charge against the defendant-appellant was for nonsupport. The transcript was filed in this court on January 23, 1948. The assignments of error and briefs were not filed until March 22, 1948.

The provision of §13459-3 GC that appellant's brief and assignments of error shall be filed with the transcript are mandatory, and a motion to dismiss an appeal for non compliance therewith will be sustained. **State v. Parnell, 56 Oh Ap 77, 10 N. E. (2d) 18; State v. Jarcho, 65 Oh Ap 417, 30 N. E. (2d) 444; State v. Smith, 33 Abs 612; Columbus v. Balzan 38 Abs 141, 49 N. E. (2d) 592; State v. Barber, 44 Abs 381, 65 N. E. (2d) 669; State v. Davis, 47 Abs 415, 69 N. E. (2d) 532; State v. Hailey, 49 Abs 159, 75 N. E. (2d) 603; State v. Trimmer, 49 Abs 504, 76 N. E. (2d) 896.**

The motion to dismiss the appeal will be sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

**ON MOTION TO DISMISS APPEAL**

No. 1969. Decided April 17, 1948.

By THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal on the ground that defendant-appellant has failed to comply with Rule VII of this court.

This is an appeal on questions of law. The action originally was a bastardy proceeding. The appellant was found to be the reputed father of the child. The order of the court

under date of May 24, 1947 in part provided that the appellant pay to the complainant, Joy B. Merrill, the sum of $5.00 per week until further order of the court. On motion of the complainant to require the appellant to show cause why he should not be held in contempt of court for failure to make the support payments, the court on December 18, 1947, found the appellant guilty of contempt of court and pronounced sentence. From this judgment this appeal was taken.

Does Rule VII of this court control? If Rule VII applies the motion to dismiss is properly filed and must be sustained since appellant failed to file his assignments of error and brief within fifty (50) days after filing notice of intention to appeal.

Rule VII applies only to an appeal in a civil action. It has no application to an appeal in a criminal proceeding. **State v. Jarcho, 65 Oh Ap 417, 421, 30 N. E. (2d) 444.** Is this a civil or criminal proceeding? While bastardy proceedings possess the attributes of both criminal and civil proceedings, they are essentially civil. In Volume **5 O. Jur. page, 453, Section 5** is found this statement:

"Bastardy proceedings are partly of a civil and partly of a criminal nature, partaking of both, and in fact not strictly either. The Ohio courts, while designating bastardy proceedings as 'quasi criminal,' are inclined to place them in a civil category. In fact, a provision of the Code of 1853 specifically excepted the mode of proceeding in bastardy from the operation of the Code, which was exclusively a Code of Civil Procedure, and the supreme court has stated that, by thus recognizing the necessity of such special exception to accomplish that end, the Code recognizes the essential character of bastardy as a civil proceeding. This provision has reference to proceedings under the Bastardy Act strictly, and not to proceedings to review them on error. This being true, the courts have applied various provisions of the Code of Civil Procedure to such actions.

"It has been held that the prosecution of a bastardy case rests in control of the Code of Civil Procedure, as in ordinary civil cases, except where limited by the statutes, the limitations having reference to the public interests. It may be stated generally, then, that bastardy proceedings are controlled by the Code of Civil Procedure."

See **State ex rel Pennington v Barger, 74 Oh Ap 58, 57 N. E. (2d) 815,** and cases therein cited.

Is the contempt charge in the instant case a civil or criminal proceeding? Contempt charges may be either civil or criminal.

A discussion of this subject is found in **Volume 9 O Jur page 20, Section 5,** in which it is stated that:

"Criminal contempts are those which are committed in the presence of the court and disturb its administration of justice either physically and directly, as by disorderly misconduct, or morally and indirectly by bringing the administration of justice into public disgrace. Criminal contempts are all acts committed against the majesty of the law, or against the court as an agency of the government, and, in which, therefore, the whole people are concerned."

On page 22 of the same work it is stated that:

"Civil contempt has been defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein. In other words, civil contempts are those instituted to preserve and enforce the rights of private persons, — that are civil, remedial and coercive, whereas a committment for a civil contempt is punitive."

Applying these tests to the record in this case, we conclude that this action was one of a civil nature and Rule VII controls the time within which assignments of error and briefs of appellant are required to be filed.

This court has consistently ruled that where the appellant fails to file assignments of error and briefs within fifty (50) days after the filing of notice of intention to appeal, a motion to dismiss the appeal will be sustained. **Sec. 12223-21 GC. Anderson v. Industrial Comm., 135 Oh St 77, 19 N. E. (2d) 509; Fulkerson v. Roxanna Canning Co., 26 Abs 607; Tucker v. Fergus, 30 Abs 508; Lair v. Lair, 33 Abs 544; Parrett v. Parrett, 42 Abs 413, 60 N. E. (2d) 736.**

Motion to dismiss the appeal is sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### ON APPLICATION TO CERTIFY JUDGMENT

No. 1968. Decided May 17, 1948.

By THE COURT:

Submitted on application of appellant to certify our judgment to be in conflict with that in **State v. Brunswick, 71 Oh Ap 101.**

As we understand the constitutional authority for the certification of conflicting judgments, it should only be made when the latter judgment reached is absolutely in conflict with a judgment entered by another Court of Appeals.

We have held in **State v. Jarcho, 65 Oh Ap 417; 30 Abs 647,** and other cases that the provisions of §13459-3 GC appellant's brief and assignments of error shall be filed with the transcript are mandatory, but we have not held, nor do we hold, that such provision of the statute affects the jurisdiction of this Court on appeal in criminal cases. Manifestly, jurisdiction is determined by the first sentence of §13459-3 GC. The failure of the appellant to file brief and assignments of error would not divest this Court of jurisdiction to determine the appeal, notwithstanding the failure to comply with §13459-3 GC. Indeed it might be the obligation of a Court in the interest of justice to retain an appeal and determine it, although no briefs or assignments of error had been filed.

We would be pleased to have the Supreme Court pass upon the interesting procedural question here involved, but we cannot say that it affects our jurisdiction, or necessarily determined the judgment in this case to be in conflict with the judgment reached in State v. Brunswick, supra.

The motion to certify will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.