**MARTIN, Plaintiff-Appellant, v. COFFMAN, d b a JIM'S MOTOR SALES, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2067.   Decided October 17, 1949.

A. W. Schulman, Dayton, for plaintiff-appellant.
Jacobson & Durst, Dayton, for defendant-appellee.

### OPINION

By THE COURT:

Submitted on motion by defendant-appellee to dismiss the appeal on the ground that the appellant has not given a valid notice of appeal.

This is an appeal from the Municipal Court of Dayton, Ohio. On May 9th the judgment entry was filed dismissing the plaintiff's cause. A motion for new trial was filed, which was overruled on June 9th. On June 13th the notice of intention to appeal was filed. It is apparent that the notice of appeal was filed within time as provided by §12223-7 GC.

The notice of appeal is as follows: "Now comes the appellant and hereby gives notice of his intention to appeal the decision in this case to the Court of Appeals of Montgomery County, Ohio, on question of law." It is contended by the appellee that the notice of appeal is not from the judgment rendered on May 9, 1949. The notice of appeal is defective in that it does not state that the appeal is from the judgment; neither does it designate the date of the order from which the appeal is taken. However, it has been held that

where there is only one judgment from which an appeal can be taken the failure to designate the judgment by date is not fatal. The notice of appeal may be amended by stating the date of the judgment from which the appeal has been taken. **Mosey v. Hiestand, 138 Oh St 249, 34 N. E. (2d) 210; Fifty West Broad, Inc., v. Poulson, 41 Abs 212, 57 N. E. (2d) 687; Manhattan Terrazzo Brass Strip Co., Inc., v. Benzing & Sons, 35 Abs 492, 72 Oh Ap 197, 41 N. E. (2d) 736; Kline v. Green, 25 Abs 240; In re Dickinson, 43 N. E. (2d) 294.**

The motion to dismiss will be overruled. The appellant is granted leave to amend the notice of appeal at bar.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.