**DAYTON (City), Plaintiff-Appellant, v. SWARTZEL, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2064.   Decided May 8, 1950.

Herbert S. Beane, Maurice J. Gilbert, Cecil E. Edwards, City Attys., Dayton, for plaintiff-appellant.
A. K. Meck, Dayton, for defendant-appellee.

## OPINION

By WISEMAN, J:

Submitted on motion of defendant-appellee to dismiss the appeal on six separate grounds. This is a criminal proceeding which originated in the Municipal Court of Dayton, where the defendant was found guilty of violating a health ordinance. An appeal was taken to the Court of Common Pleas of Montgomery County, Ohio, which reversed the judgment of the trial court. From that judgment an appeal was taken to this Court by the City of Dayton.

The first ground of the motion is that the notice of appeal is defective in that it does not state to what court the appeal is taken. The appeal could be taken to this Court and none other. In Capitol Loan and Savings Company v. Biery, 134 Oh St 333, 16 N. E. (2d) 450, the court held that a notice of appeal which stated that "defendant is hereby given notice of appeal" was sufficient. The court, on page 339, stated:

"There was only one judgment and only one court from which and to which an appeal could be taken."

The first ground of the motion is overruled.

The second ground is that the appeal is from "the decision of the Common Pleas Court"; that the decision of the court is not a final order from which an appeal could be taken. The written decision of the court was filed with the judgment entry. The appeal should be from the judgment rather than the decision. However, this error can be cured by amendment, on authority of Mosey v. Hiestand, 138 Oh St 249, 34 N. E. (2d) 210; Couk v. Ocean Accident and Guarantee Corporation, 138 Oh St 110, 33 N. E. (2d) 9; Williams v. Martin, 82 Oh Ap 395, 81 N. E. (2d) 806; State ex rel. England v. Trustees, 79 Oh Ap 476, 74 N. E. (2d) 402; Bank of Elmore Company v. Damschroder, 69 Oh Ap 15, 42 N. E. (2d) 781; Loftus v. Palmer, 37 Oh Ap 177, 174 N. E. 363; Martin v. Coffman, 56 Abs 152; Fifty West Broad, Inc. v. Poulson, 41 Abs 212, 57 N. E. (2d) 685; Manhattan Terrazzo Brass Strip Co., Inc., v. Benzing, 35 Abs 492, 41 N. E. (2d) 736. See also §12223-5 GC. The second ground of the motion is overruled.

The third ground of the motion is that the notice of appeal was not filed within time. The record does not support this contention. The notice of appeal was filed within thirty days of the date of the judgment. This ground of the motion is overruled.

The fourth ground of the motion raises the question as to whether the transcript of the docket and journal entries was filed within time. The judgment was filed May 19, 1949 and

the transcript on June 28, 1949. **Sec. 13459-3 GC,** does not fix a time within which the transcript shall be filed in the appellate court. The statute merely provides that "upon filing the notice of appeal there shall be filed in the appellate court the transcript prepared by the clerk and any original papers received by him." The statute does not require the transcript to be filed in the appellate court at the same instant the notice of appeal is filed. Until the notice of appeal is filed the clerk is not advised that a transcript will be required. Obviously, some time must elapse between the date on which the notice of appeal is filed and the date the clerk files the transcript in the appellate court. The filing of the transcript is the administrative duty of the clerk and not counsel. **State v. Jarcho, 65 Oh Ap 417, 420,** 30 N. E. (2d) 444. The clerk should discharge this duty promptly. The fact that forty days elapsed between the date of filing the notice of appeal and the date the clerk filed the transcript is not fatal. Any delay on the part of the clerk is not chargeable to the appellant. This ground of the motion will be overruled.

The fifth and sixth grounds of the motion, respectively, are that no assignments of error or briefs have been filed in this Court. The record shows that the transcript of the docket and journal entries and original papers contained one copy of the brief of appellant and one copy of the brief of appellee which were filed in the consideration of the appeal in the Common Pleas Court. The transcript was filed in this Court on June 28, 1949. The briefs which were filed in the Common Pleas Court were stamped as filed in the Court of Appeals on the same day that the transcript was filed. Counsel for appellant in this Court (City of Dayton) states in his brief opposing the motion to dismiss that it was orally agreed between counsel that the briefs which were used in the hearing of the appeal in the Common Pleas Court should be filed and considered as the briefs in this Court. Counsel for appellee (the defendant herein) in his brief in support of the motion to dismiss, states that no such agreement was made. No affidavits have been filed by either counsel on this factual matter. Assuming that counsel had made such an agreement, there still would remain the question as to whether there had been a sufficient compliance with the provisions of §13459-3 GC, which in part provides:

"The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

The brief of appellant, which was made a part of the transcript, does not contain assignments of error. Manifestly

**104**

the brief used in the Common Pleas Court and filed with the transcript in this Court could not contain assignments of error as the appellant in this Court was the appellee in the Common Pleas Court. The brief which this Court is requested to consider as the appellant's opening brief in this Court was the answer brief in the Common Pleas Court. Likewise, the brief which appellant here contends this Court should consider as the appellee's answer brief in this Court was the opening brief of appellant in the Common Pleas Court and contained his assignments of error. Obviously the assignments of error filed by the appellant (the defendant) in the Common Pleas Court are substantially different than the assignments of error filed by the appellant (The City of Dayton) in this Court. The briefs, therefore, which this Court is requested to consider as properly filed in this Court do not brief the questions raised by the assignments of error of the appellant in this Court. An examination of the assignments of error and briefs supports this conclusion.

The fact is that the City of Dayton, the appellant herein, has never filed assignments of error in this Court. The record shows that a separate paper, designated as "Assignments of Error" was filed in the Common Pleas Court on July 6, 1949, being eight days after the date of filing of the transcript. This paper is captioned as follows:

"IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO.

City of Dayton,
    Plaintiff,               Case No. 99758

   -vs-

              **ASSIGNMENT OF ERRORS"**

Winter Zero Swartzel,
    Defendant.

Appellate claims the assignments of error were inadvertently captioned but were filed with the papers in the Court of Appeals. The record does not support this claim. On the contrary the record shows that the assignments of error were stamped as filed in the Common Pleas Court and docketed under Case No. 99758 of the Common Pleas Court. The paper does not show it to be filed in the Court of Appeals; the docket in the Court of Appeals in Case No. 2064 does not show it to be filed and it was not found among the papers in this case in the Court of Appeals.

This Court has many times held that the provision in §13459-3 GC, requiring the briefs and assignments of error to be filed with the transcript is mandatory, and a motion to dismiss the appeal will be sustained for the failure to

comply with this requirement. **State, ex rel. Merrill, v. Moore,**
**84 Oh Ap 49,** 82 N. E. (2d) 765; **State v. Moore, 84 Oh Ap 91,**
85 N. E. (2d) 595; **State v. Trimmer, 80 Oh Ap 545,** 547, 76 N. E.
(2d) 896; **State v. Jarcho, 65 Oh Ap 417,** 421, 30 N. E. (2d)
444; **State v. Davis,** 47 Abs 415, 69 N: E. (2d) 532; **State v.**
**Barber, 44 Abs 381,** 65 N. E. (2d) 669; **Columbus v. Balzan,**
38 Abs 141, 49 N. E. (2d) 592; **State v. Jones, 33 Abs 330;** State
**v. Smith, 33 Abs 612; State v. Link, 28 Abs 101.** See also State
**v. Parnell, 56 Oh Ap 77,** 10 N. E. 18 (Ct. of App. of 6th Dis-
trict); **State v. Bell, 52 Oh Ap 11,** 2 N. E. (2d) 786 (Ct. of App.
of 5th District).

This Court has never held, and does not now hold, that the
provision requiring briefs and assignments of error to be
filed with the transcript goes to the jurisdiction of the Court.
The determination of this question falls within the field of
judicial discretion. This Court has consistently held that in
the exercise of a sound judicial discretion it will require a
compliance with the statutory provisions. We realize that
other courts have exercised their discretion differently. See
**State v. Brunswick, 69 Oh Ap 407,** 44 N. E. (2d) 116; and **State**
**v. Brunswick, 71 Oh Ap 101,** 47 N. E. (2d) 916; **Cincinnati v.**
**Hawkins, 81 Oh Ap 459,** 78 N. E. (2d) 61.

This Court has held that Rule VII of the rules of this
Court prescribing the time within which assignments of error
and briefs are required to be filed applies only to civil cases
and has no application to criminal cases. State v. Moore,
supra; State v. Jarcho, supra.

We find no reported case deciding this precise question.
If the appellant in this Court had been the appellant in the
Common Pleas Court we might be disposed to treat the filing
in this Court of the briefs prepared and filed in the Common
Pleas Court as a sufficient compliance with the provisions of
the statute. In that event in all probability the same ques-
tions would be raised in the assignments of error, and also
briefed. However, that is not the situation here. In this
appeal the appellant was the appellee in the Common Pleas
Court, and the appellee here was the appellant in the Common
Pleas Court. The question raised in the assignments of error are
different. The answer brief filed in the Common Pleas Court
as appellee does not properly treat the questions raised in
the assignments of error filed by the appellant herein, which
we have examined and which were filed in the Common Pleas
Court instead of in the Court of Appeals.

The failure to file the assignments of error in this Court,
with the brief and transcript, falls squarely within the rule
laid down by this Court in the numerous cases cited above.

The statutory requirement relative to the filing of briefs and assignments of error have not been met and the motion to dismiss the appeal on the fifth and sixth grounds will be sustained.

In State v. Jarcho, supra, Judge Hornbeck very convincingly sets forth the reasons for this strict enforcement of the provisions of §13459-3 GC on page 421 as follows:

"This provision as to the time of filing appellant's brief is mandatory. It is not controlled by a rule of the appellate court. We have without exception enforced the rule as to the time within which briefs shall be filed by the appellant in civil cases (Rule VII, Courts of Appeals), and there is every reason and more why a specific provision of statute shall be enforced. We find no sufficient reason appearing in the affidavits which would cause us to relax the mandatory provisions of the section as to the filing of appellant's brief. The section gives precedence in reviewing courts to the hearing of cases involving criminal appeals. This, no doubt, is done to expedite the final determination of the rights of defendants and the state in criminal cases and to avoid unnecessary delay. To ignore or relax the specific provisions of the section as to the time within which briefs should be filed will open the way for delays in judgments in criminal cases which should be kept at a minimum. State v. Parnell, 56 Oh Ap, 77, 10 N. E. (2d), 18."

In order to remove any possibility of doing an injustice by dismissing the appeal in the exercise of sound judicial discretion for failure to comply with the provisions of §13459-3 GC, we have examined the entire record in this case to determine whether there was prejudicial error committed in the judgment from which this appeal is taken.

We have considered all errors assigned which were erroneously filed in the Common Pleas Court by the appellant herein. The Common Pleas Court found that the prosecution failed to comply with the provisions of the health ordinances of the City of Dayton which formed the predicate for the prosecution. We are of the opinion that the judgment of the Common Pleas Court was correct. Therefore, upon an examination of the whole record, we do not find that the Common Pleas Court committed prejudicial error in reversing the judgment of the Municipal Court of Dayton.

An entry may be drawn on the motion in conformity herewith.

MILLER, PJ, and HORNBECK, J, concur.