NORTHWESTERN NATIONAL INSURANCE CO. ET,
PLAINTIFFS-APPELLEES, *v.* BILLINGS, ADMR. ET,
DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25826.   Decided May 10, 1962.

*Mr. James A. Chiara*, for plaintiffs-appellees.

*Messrs. L. F. Chapek, G. A. Corso* and *F. V. Opaskar*, for defendants-appellants.

(SMITH, P. J., DEEDS and FESS, JJ., of the Sixth District, sitting by designation in the Eighth District.)

FESS, J. Appeal on questions of law from an order of the Municipal Court of Cleveland granting plaintiff a new trial.

At a previous trial, judgment was entered upon a verdict of the jury in the sum of $2,650.00 against the defendants, Billings, Administrator, and Gus Grayson. Upon a previous appeal taken by the defendant Billings, the judgment was reversed for errors in the charge and also on the ground that the judgment was contrary to the manifest weight of the evidence. The defendant Grayson took no appeal.

Upon retrial against the defendant Administrator, at the conclusion of the evidence defendant moved for an order directing the jury to return a verdict for the defendant, which motion was overruled. The jury returned its verdict for the defendant pursuant to which judgment was entered for the defendant. Thereafter, plaintiff's motion for judgment notwithstanding the verdict was overruled and plaintiff's motion for a new trial was granted on the ground that the judgment was not sustained by sufficient evidence and was contrary to law. The notice of appeal specifies that it is taken on questions of law from the order granting the motion for a new trial and vacating the judgment entered for defendant.

From this sequence of events, there arises a final order from which an appeal may be taken, i. e., the overruling of the defendant's motion for a directed verdict and not necessarily from the order granting a new trial. *Richards* v. *Industrial Comm.* (1955), 163 Ohio St., 439, 127 N. E. (2d), 402. In the instant case, the appeal is taken from the order granting the motion for a new trial, which, in the absence of a showing that the court abused its discretion, is not a final order. *Green* v.

*Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1, 100 N. E. (2d), 211.

However, an error in a notice of appeal as to the correct date of the judgment appealed from is subject to correction by an amendment permitted ''in the furtherance of justice for good cause shown.'' *Couk* v. *Ocean, etc. Corp.* (1941), 138 Ohio St., 110, 33 N. E. (2d), 9. *Richards* v. *Industrial Comm., supra.* So long as there is a final judgment or order in the case which is appealable, an amendment is permitted even though the notice on its face is specifically directed to an order by date which was not appealable. In *Bank of Elmore* v. *Damschroder* (1941), 69 Ohio App., 15, 43 N. E. (2d), 781, two identical judgments in a chancery case having been entered, one at the close of the trial and the other on the overruling of the motion for a new trial, a motion to dismiss an appeal on questions of law, designating the latter judgment as the one from which the appeal was taken, was overruled and the court proceeded without amendment of the notice of appeal to determine the appeal as upon an appeal from the final judgment. In *State, ex rel. England* v. *Trustees* (1954), 79 Ohio App., 476, 74 N. E. (2d), 402, the court of appeals followed the *Damachroder case* but granted leave to amend the notice of appeal. See also *American Security Corp.* v. *Martin* (1948), 83 Ohio App., 477, 84 N. E. (2d), 306; *Dayton* v. *Swartzel* (1950), 88 Ohio App., 512, 100 N. E. (2d), 443. In *Caswell* v. *Lermann* (1948), 85 Ohio App., 200, 88 N. E. (2d), 405, the Sixth District Court of Appeals, as it had in the *Damschroder case*, proceeded to determine the appeal as upon one from the judgment without formally amending the notice of appeal.

In the *Richards case*, the Supreme Court held that the Court of Appeals erred in refusing the appellant leave to amend its notice of appeal and in dismissing the appeal, reversed the judgment and remanded the cause to the Court of Appeals with directions to consider only the error relating to the refusal by the trial court to direct a verdict and enter judgment for the defendant, without specifically ordering the Court of Appeals to allow the proffered amendment to the notice of appeal.

Therefore, upon this phase of the instant appeal, we conclude that notwithstanding the notice of appeal designating the granting of the motion for a new trial, the appeal is actually taken from the order overruling the defendant's motion for a

directed verdict in his favor. We have, therefore, reviewed the testimony received at the trial and find that at the conclusion of the testimony, the evidence was conflicting and that reasonable minds could well differ with respect to the inferences to be drawn from the evidence and that the final order overruling defendant's motion for the direction of a verdict in his favor should be affirmed.

With regard to the granting of the motion for a new trial, it is observed that upon the previous appeal taken by the defendant to this court, the judgment against him was reversed upon the ground, among others, that the verdict was manifestly against the weight of the evidence.

Section 2321.18, Revised Code, provides:

"The same trial court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

This section prevents the trial court from granting a second new trial upon the weight of the evidence against the same party, but it does not prevent such court from granting a new trial on the weight of the evidence against a different party. *Merrell, Dir. of Highways,* v. *Matt,* 42 Ohio App., 403, 182 N. E. 348. Upon the previous appeal the judgment was reversed upon the weight of the evidence against the plaintiff and upon retrial the judgment was reversed upon the weight of the evidence against the defendant. In this respect the instant case is to be distinguished from *Snow* v. *Cincinnati St. Ry. Co.,* 80 Ohio App., 369, 75 N. E. (2d), 220.

In compliance with the admonition of the Supreme Court that this court upon review must go thoroughly into the record before it can determine that there was no abuse of discretion in granting a new trial, *State, ex rel. Blasko* v. *McGinnis,* 167 Ohio St., 532, 150 N. E. (2d), 409, we have reviewed the entire record and determine that although the members of this court under all of the circumstances would not have granted such new trial, no abuse of discretion was committed by the trial court in granting such motion. Such action on the part of the trial court rests solely within its sound discretion, and it is not re-

viewable unless there has been an abuse of discretion. *Poske* v. *Mergl* (1959), 169 Ohio St., 70, 157 N. E. (2d), 344.

Finding no abuse of discretion incident to the granting of the motion for a new trial, the judgment of the court overruling defendant's motion for direction of a verdict affirmed and cause remanded to the Municipal Court of Cleveland for a new trial.

SMITH, P. J., DEEDS, J., concur.